No. 25,660.

J. E. WEST, *Appellee,* v. THE CITY OF WICHITA et al., *Appellants.*

No. 25,661.

J. P. WEIGAND, *Appellee,* v. THE CITY OF WICHITA et al., *Appellant.*

No. 25,662.

H. M. WARE, *Appellee,* v. THE CITY OF WICHITA et al., *Appellants.*

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*Zoning Ordinance—Restricting Districts.* The provision of a zoning ordinance prohibiting the construction of apartment houses in the "A" residence district considered and held not to be unreasonable.

2. DECLARATORY JUDGMENTS—*When Available.* The statute relating to declaratory judgments (R. S. 60-3127 to 60-3132) is available to a litigant only in cases of actual controversy.

3. MUNICIPAL CORPORATIONS—*Zoning Ordinance—Reasonableness of Regulation—Proof.* R. S. 13-1106, providing that a zoning ordinance must be reasonable, and giving any taxpayer or any other person having an interest in property affected a right of action in the district court to have the reasonableness of the ordinance determined, makes clear who may bring the action and the forum of the litigation, but does not relieve the plaintiff from establishing his cause of action by proof.

Appeals from Sedgwick district court, division No. 3; THOMAS E. ELCOCK, judge. Opinion filed April 11, 1925. Cases Nos. 25,660 and 25,661 reversed. Case No. 25,662 affirmed in part and reversed in part.

*Robert C. Foulston,* and *George Siefkin,* both of Wichita, for the appellants.
*A. L. Noble, W. A. Ayres, Hal M. Black,* and *C. A. McCorkle,* all of Wichita, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: These three cases involve construction of the zoning ordinance of the city of Wichita. Though differing from each other in detail, they were tried together in the court below and they are submitted together in this court. The trial court made findings of fact and conclusions of law and held many of the provisions of the ordinance to be invalid.

Proceeding under authority conferred by statute and the general welfare and police power of the city, the board of commissioners of the city of Wichita passed what is known as a zoning ordinance.

This divided the territory of the city into five use districts, and designated the uses that might be made of property in the respective districts. These districts are known as "A," residence district; "B," residence district; "C," commercial district; "D," light industrial district; and "E," heavy industrial district. It is provided that in the "A" residence district no building or premises shall be used and no building shall be hereafter erected or altered, unless otherwise provided in the ordinance, except for one or more of the following uses: One-family dwelling, two-family dwelling, churches and temples, libraries, farming and truck gardening, schools and colleges, and accessory buildings which are defined. In the "B" residence district no building or premises shall be used and no building shall be hereafter erected or altered, unless otherwise provided in the ordinance except for one or more of the following uses: any use permitted in the "A" residence district, apartment houses, group houses, row houses, hotels, private clubs and fraternity houses, boarding and lodging houses, boat houses, hospitals, nurseries and greenhouses, institutions of philanthropic or eleemosynary nature, or accessory buildings as defined. The ordinance also provided area districts.

In the West case the plaintiff was the owner of certain lots, 50 by 131 feet, situated in the "A" residence district. He made application to defendant for a building permit to erect thereon a six-family apartment house. This was refused for the reason that the zoning ordinance prohibited the erection of apartment houses in the "A" residence district, and this is a mandamus suit to compel the issuance of that permit. In this proceeding plaintiff seeks to have determined the validity of various sections of the ordinance. In the case of *Ware v. City of Wichita,* 113 Kan. 153, 214 Pac. 451, the validity of the ordinance was in question and it was there held to be valid. The court further held in that case that a store building could not be erected in the territory comprised in the "A" residence district as defined by the ordinance. The only respect in which this case differs from the Ware case is that plaintiff in this case seeks to erect an apartment house, while the plaintiff in the Ware case wanted to erect a store building. When once the power to zone and to restrict uses of property in designated zones is recognized (and that is settled in this state by the Ware case), then the particular classification for use made by the ordinance ought not to be set aside without substantial reason, specifically applicable thereto. It will be noted that the ordinance designates "B" residence district (and all parts of the city except "A" residence district) as territory in which may be

erected apartment houses, group houses, row houses, hotels, private clubs and fraternity houses, boarding and lodging houses. This seems to be the natural place to group apartment houses rather than in a district limited to one-family or two-family dwellings.

The Weigand case is brought under the declaratory-judgment law to test the validity of all of the provisions of the ordinance. The plaintiff is the owner of several lots and blocks of lots located in different parts of the city, some in one district and some in another, as defined by the zoning ordinance. He had made no application for building permit to erect any kind of a structure upon any of his lots. His complaint is that many of the provisions of the ordinance might interfere with uses which he might desire to make of his property or prevent a sale of the property to some one who desired to make a specific use of it. In so far as the authority of the city to. pass a zoning ordinance making restrictions upon the use. of property in certain designated districts, that question is not open to controversy. It was settled by the decision of this court in *Ware v. City of Wichita,* supra. The declaratory-judgment law is available only "in cases of actual controversy." (R. S. 60-3127.) The zoning ordinance may be unreasonable when applied to a specific use which an owner desires to make of specific property, but until such a situation is presented there is no actual controversy between the owner of property and the city concerning the zoning ordinance. The owner is. not entitled to litigate under this statute questions which may never affect him to his disadvantage. To speculate upon possible uses that the owner or his vendee might desire to make of the property, and seek a judgment determining them is simply to ask the opinion of the court with reference to a situation that may never arise.

In the Ware case the plaintiff owns a lot situated in "B" residence district upon which there is now located a brick building used as a grocery store, which was erected and in use at the time the zoning ordinance was passed. He applied for a permit to extend and enlarge this building, the extension to be used for the same purpose. This was refused. for the reason that the zoning ordinance did not permit the building or enlargement of store buildings in this district. He also sought by declaratory judgment to have other provisions of the ordinance with respect to other uses he might desire to make of the unoccupied portion of his lot declared invalid. As to the mandamus portion of his action the trial court held against the plaintiff, following the decision of this court in *Ware v. City of Wichita,* supra. As to the declaratory-judgment feature of the case, the

court held invalid certain provisions of the ordinance. As to those there was no actual controversy because there was no specific contemplated use the plaintiff then sought to make of his property.

In deciding the case the court construed section R. S. 13-1106, which reads as follows:

"That any ordinance or regulation provided for or authorized by this act shall be reasonable, and any taxpayer or any other person having an interest in property affected, may have the reasonableness of any ordinance or regulation determined by bringing an action, in the district court of the county in which such city is situated, against the governing body of said city,"

and held that this statute, as far as it relates to the reasonableness of specific provisions of zoning ordinances, abrogates the general rule that ordinances of the city are presumed to be reasonable, and before a court should hold otherwise their unreasonableness should be established by clear and positive evidence, and has the effect of placing the person having an interest in the property affected upon an equal standing with the city upon the question of the reasonableness of the provisions in question of the ordinance. We construe this section of the statute as giving to any taxpayer or any other person having an interest in property affected a right to bring a suit in the district court to test the reasonableness of the ordinance or any specific provisions thereof which affects his particular property in the use he desires to make of it; that is, the suit does not have to be brought by the state on the relation of the county attorney or attorney-general, and the forum in which to bring the suit is made definite, but it may be doubted whether it in any way affects the question of the burden of proof. In any event, the person bringing such action is a plaintiff and has the ordinary burden of establishing his cause of action by preponderance of the evidence. Before a court should set aside a specific provision of the ordinance, it should be made to appear affirmatively that it is unreasonable when applied to plaintiff's property and the specific use which plaintiff desires to make of it.

Disposing of the cases upon the conclusions reached: The West case, No. 25,660, will be reversed with directions to enter judgment for defendant; the Weigand case, No. 25,661, will be reversed with directions to enter judgment for defendant; and the Ware case, No. 25,662, will be affirmed in so far as it denied the writ of mandamus sought by plaintiff, and reversed in so far as it declared specific provisions of the ordinance invalid, with directions to enter judgment for defendant.