No. 27,603.

C. R. WILLIAMS, *Appellant*, v. M. H. FLOOD, *Appellee*.

(262 Pac. 563.)

SYLLABUS BY THE COURT.

DECLARATORY JUDGMENTS—*Matters Justiciable—Necessity of Actual Controversy.* An action cannot be prosecuted under section 60-3127 of the Revised Statutes, the declaratory judgment law, against a justice of the peace to have determined the power of such justice to issue an order of attachment and a garnishee summons without a bond having been first filed, where it is not shown that there is any controversy between the justice of the peace and the party complaining except such as concerns the meaning of the statute, and where it does not appear that the plaintiff has sustained any damage or that the justice of the peace is invading any right of the plaintiff or denying him any right properly belonging to him.

Appeal from Seward district court; GEORGE L. LIGHT, judge. Opinion filed January 7, 1928. Affirmed.

*F. S. Macy,* of Liberal, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff prosecutes this action to obtain a declaration of the law concerning the power of a justice of the peace to issue an order of attachment and a garnishee summons without a bond therefor having been first filed. Judgment was rendered in favor of the defendant on his demurrer to the petition of the plaintiff, who appeals.

The only question presented is, Does the petition state facts sufficient to constitute a cause of action? The petition alleges that the defendant is a justice of the peace, and—

"That on the 28th day of November, 1926, the defendant M. H. Flood, acting in his official capacity at the suit of Rudge & Guensel Company as plaintiff against this plaintiff as defendant, issued as a garnishee summons and attachment order as such justice of the peace without requiring the said Rudge & Guensel Company to first execute and deliver a bond for attachment and garnishment as provided by law; that afterwards and on the 26th day of November, 1926, this plaintiff filed his motion in said justice court asking that the attachment and garnishment be discharged for the reason that no bond was given as provided by law; that said motion was submitted for consider-

Judgments, 33 C. J. pp. 1099 n. 19, 1101 n. 23.

Williams v. Flood.

ation before said justice of the peace and the same was overruled and de-nied. . . .

"That pursuant to the garnishment proceedings and in accordance with the command of the garnishee summons there was and is now restrained of your plaintiff's property cash on deposit in the Peoples State Bank in Liberal, Kan., in the sum of $225."

The petition then refers to certain provisions of the statute which are not necessary to be here set out. They concern the power of a justice of the peace to issue an order of attachment or a garnishee summons. No damage sustained by the plaintiff is alleged, and there is no prayer for a money judgment. The petition does not disclose any controversy between the parties except as to what the law is. There is no allegation in the petition that the defendant is invading or denying any right of the plaintiff. The prayer of the petition is—

"That said laws be construed to the end that your plaintiff's property will be protected in accordance with the laws of this state."

The statute under which this action is prosecuted, R. S. 60-3127, reads:

"In cases of actual controversy, courts of record within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed, and no action or proceeding shall be open to objection on the ground that a judgment or order merely declaratory of right is prayed for. Controversies involving the interpretation of deeds, wills, other instruments of writing, stat-utes, municipal odinances, and other governmental regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right."

In *West v. City of Wichita,* 118 Kan. 265, 234 Pac. 978, the court said:

"The statute relating to declaratory judgments (R. S. 60-3127 to 60-3132) is available to a litigant only in cases of actual controversy."

What is the controversy between the plaintiff and the defendant? It is one concerning the meaning of a statute; in other words, one concerning what the law is. Controversies involving the interpre-tation of statutes may be settled under the declaratory judgment law, but those controversies must include rights claimed by one of the parties and denied by the other. Here the plaintiff is not claiming any right and the defendant is not denying the plaintiff any right. The controversy is such a one as is likely to arise in

the trial of any action. Controversies of that character cannot be determined by this court except on an appeal in the action in which the controversy arises. It is not such a controversy as gives to the party complaining any right of action under the statute against the court who may be making a mistake of law.

For further discussion concerning matters which are justiciable under the declaratory judgment law, see *State, ex rel., v. Grove*, 109 Kan. 619, 201 Pac. 82, and *State, ex rel., v. Kansas City*, 110 Kan. 603, 204 Pac. 690.

The judgment is affirmed.