No. 36,950

Boeing Airplane Company, *Appellant,* v. The Board of County Commissioners of the County of Sedgwick, et al., *Appellees.*

(188 P. 2d 429)

Opinion filed December 31, 1947.

*George Siefkin,* of Wichita, argued the cause, and *Robert C. Foulston, Andrew F. Schoeppel, Samuel E. Bartlett, George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter* and *Thomas E. Woods,* all of Wichita, were with him on the briefs for the appellant.

*Lewis A. Hasty,* of Wichita, argued the cause, and was on the briefs for the appellees.

The opinion of the court was delivered by

BURCH, J.: The appeal in this case is from a declaratory judgment of the district court and involves the question whether that court had jurisdiction to determine the possible liability of the Boeing Airplane Company for the payment of taxes upon real property owned by the Reconstruction Finance Corporation and leased by the airplane company.

The company brought the action for the purpose of having the court declare that real property owned by the Reconstruction Finance Corporation, hereinafter called RFC, is property exclusively owned by the United States and therefore exempt from taxation under the laws of this state; that the company was not liable for the payment of such taxes because the taxes were not lawfully taxed as required by a lease entered into between RFC and the company, which lease provided that the company should pay certain taxes which were at any time lawfully assessed against the leased property. A demurrer was filed to the third amended petition. Such demurrer asserted that the court had no jurisdiction and that the petition did not state facts sufficient to constitute a cause of action. The district court held that it had jurisdiction but sustained the demurrer on the second ground. On appeal the appellees contend that the demurrer should have been sustained on the first ground as well as the second; that no actual controversy was pleaded which was justiciable under the declaratory judgment act; that the district court, therefore, had no jurisdiction; consequently this court, on appeal, has no jurisdiction and the appeal should be dismissed.

If the company's third amended petition does not present an actual controversy justiciable under our statutes pertaining to declaratory judgments, the appeal must be dismissed because it is the duty of this court to determine whether the district court had jurisdiction even in the absence of a cross-appeal. If appellees' contention is sound, this court cannot reach decision upon any other question presented. Consequently, we must first analyze the petition to determine whether the district court had jurisdiction of the controversy.

The allegations of the petition essential to decision and comprehension of the problem presented are summarized as follows:

The Boeing Airplane Company, herein called "company," which brought the action as plaintiff, is a foreign corporation authorized to do and doing business at Wichita, Kan. Three defendant appellees are members of the board of county commissioners of Sedgwick county; another one is the county treasurer; another is the acting county clerk and still another is the acting county assessor. All of such defendants were sued in their representative capacities. The remaining defendant, the RFC, is a corporation created pursuant to 15 U. S. C. 1190, § 601 (15 U. S. C. A. 708, § 601). Such corporation succeeded to the rights of the Defense Plant Corporation, with which the company entered into the lease. A copy of the lease is attached as an exhibit to the petition. The lease grants the company an option to purchase the property; provides for the renting thereof by the company, and contains a provision which requires the company to "pay to the proper authority, when and as the same become due and payable, except to the extent included in the construction program, all taxes, assessments, and similar charges (other than local improvement assessments) which at any time during the term of this lease or any extension thereof may be lawfully taxed, assessed or imposed upon defense corporation or lessee with respect to or upon the plant and the enlargement thereof, or the machinery, or any part thereof, or upon the occupier thereof or upon the use of the plant and the enlargement thereof or the machinery; . . ." The petition further alleges that the RFC as an arm, agency and instrumentality of the United States government is the owner of the involved real property and the improvements thereon; that the defendant county assessor entered the property upon his books as the property of the company, notwithstanding that it is owned by the RFC, for the years 1944, 1945 and 1946 upon the assumption that taxes should be levied and collected thereon in the same manner as on other real estate in Sedgwick county, Kansas, and caused said taxes to be entered upon the tax rolls in the office of the defendant county clerk and defendant county treasurer in the same manner as against privately-owned property; that the company protested against the assessment and collection of the taxes on the property to the defendant members of the board of county commissioners; that the protest was denied; that application for relief from such tax assessment to the state commission of revenue and taxation was likewise denied and that the property remains on the tax rolls of Sedgwick county, Kansas,

with unpaid taxes shown thereon for the years hereinbefore designated and that the defendant officials are contending that the taxes can be collected, together with the interest and penalties. The petition continues by alleging that the defendant RFC has contended and still contends that under the terms and provisions of the lease the company is liable for the payment of any taxes lawfully assessed or imposed upon the involved real estate. The petition also alleges that an actual controversy exists between the plaintiff and the defendant officials of Sedgwick county, Kansas, as to the interpretation which should be given to the provisions of paragraph 20 of the lease and as to whether the property owned by the defendant RFC is subject to taxation by the taxing officials of Sedgwick county, Kansas. (Paragraph 20 referred to is the paragraph hereinbefore quoted.) The petition also alleges that ". . . plaintiff contends that under the admitting act of Kansas, section 3, paragraph 6, and the joint resolution of the legislature of the state of Kansas accepting the admission of the state of Kansas into the union of the United States of America, and paragraph 5, General Statutes of Kansas for 1935, 79-201, taxes may not be lawfully levied, assessed, or collected against property owned, used by, and belonging exclusively to the United States of America. That the defendant officials of Sedgwick county, Kansas, and each of them, contend that the real estate owned by the Reconstruction Finance Corporation when leased under the Agreement for Lease attached as Exhibit 'A' is subject to state and local taxation by virtue of an act of congress permitting taxation of property belonging to the Reconstruction Finance Corporation." The petition concludes by alleging that the plaintiff is willing to pay all taxes lawfully assessed against or collectible from it, but contends that the property in question, being property owned and used exclusively by and for the United States government, is expressly and specifically exempt from taxation by the defendant officials and that no lawful taxes can be assessed thereon or collected from the plaintiff or the property, and that the agreement to lease does not impose any obligation on the company to pay taxes on the property. In addition the petition alleges that the matter is one of immediate and of public interest; that the controversy between the parties is an actual one concerning which the court is given cognizance under the provisions of the declaratory judgment act of the state of Kansas.

In support of the contention that the petition does not present an

actual controversy under the declaratory judgment act, counsel for the appellees contends that the local taxing authorities have not levied or assessed any taxes against the company; that such authorities claim no relationship, contractual or otherwise, with the company by reason of which they seek to recover any money from the company; that the taxes complained of were levied and assessed in the only manner known to law, to wit: Upon the real property to which the company has no title, legal or equitable, because it is owned outright by the RFC.

At the time the demurrer was argued the defendant RFC had filed an answer which consisted merely of an admission of every allegation of fact contained in the plaintiff's petition. It is therefore contended by counsel for the appellees that the petition does not show that there existed any controversy between the RFC and the company, or between RFC and appellees who appear in this appeal; that the RFC's answer admits only, with respect to an actual controversy, the allegations of the company that an actual controversy exists between the company and the defendant officials. And it is contended by appellees that no controversy can exist within the purview of the declaratory judgment act between a mere lessee of real estate and local taxing authorities as to the payment of taxes levied, not against property owned by the lessee but against property owned by another, because there is no privity of interest between a lessee in such a case and the taxing authorities. If we comprehend the contention correctly, the point stressed by the appellees is that if any actual controversy exists between the taxing authorities and any one over the payment of taxes, such controversy can exist only between the taxing authorities and the owner of the property because the taxing authorities cannot collect a tax from any person but can look only to property for recovery of all taxes. In support of such contention the appellees cite *Sherman County Comm'rs v. Alden,* 158 Kan. 487, 148 P. 2d 509. Paragraph 4 of the syllabus of the cited case reads as follows:

"Taxes are not classed as debts in the usual sense of the term and actions prescribed by the civil code do not lie for their recovery."

The question decided in the cited case was whether the district court could refuse upon equitable grounds to confirm a sale of real estate for taxes even though all proceedings were found to be regular. After discussing a significant change in our tax foreclosure statutes

and the difference between a general code provision and a tax foreclosure statute, the opinion sets forth:

"In the third place, there are various important distinctions between judicial sales under the civil code and delinquent tax sales. For instance, sales under the civil code involve a debtor and creditor relationship of some sort—mortgage foreclosure, execution sales, etc. Taxes, on the other hand, are not classed as debts in the usual sense of the term, and actions prescribed by the civil code do not lie for their recovery. [Citing cases.] Again, in a tax foreclosure sale the county cannot take a deficiency judgment. The proceeding is against the property, it is an action in rem. [citing cases.]" (p. 492.)

Perhaps it is prudent to note at this point that there is no controversy in this case over whether the property involved is real estate and no effort has been made to tax the lease as property owned by the company separate and apart from the real estate. The controversy, therefore, narrows itself to an inquiry as to whether a third party, by reason of a contract entered into with the owner of real estate, can have determined in a declaratory judgment action the validity of taxes against real estate which it does not own. *Sherman County Comm'rs v. Alden,* supra, establishes that the county authorities, in their representative capacities, cannot contend that the company owes Sedgwick county any money for taxes, or that property owned by the company is subject to the payment of taxes because the RFC admittedly owns the property. All other parties in the case actually only have a controversy concerning what the law is. In the case of *Williams v. Flood,* 124 Kan. 728, 262 Pac. 563, the opinion reads:

"What is the controversy between the plaintiff and the defendant? It is one concerning the meaning of a statute; in other words, one concerning what the law is. Controversies involving the interpretation of statutes may be settled under the declaratory judgment law, but those controversies must include rights claimed by one of the parties and denied by the other. Here the plaintiff is not claiming any right and the defendant is not denying the plaintiff any right." (p. 729.)

In the present case the defendant officials do not deny the company the right to refuse to pay the taxes under the terms of the lease. The right to refuse to make such payments might be involved in a controversy between the RFC and the company but the county officials would not necessarily be a party to it. The RFC as the owner of the land also might be involved in a controversy with the county officials but the company would not necessarily be a party to it.

In the case of *Garden City News v. Hurst*, 129 Kan. 365, 282 Pac. 720, a newspaper brought a declaratory judgment action against the probate judge, in which it was sought to have an interpretation made of a statute giving the requirements of newspapers entitled to publish legal notices. The petition in the cited case set forth that the probate judge denied that the paper was such a legal publication as was lawfully entitled to publish notices. And the plaintiffs therein contended that the actual effect of the court's interpretation of the statute resulted in the plaintiffs being deprived of their legal right to legal publications which they might get for their newspaper were it not for the mistaken interpretation by the probate judge. The opinion considers at length the necessity for the existence of an actual controversy, and holds as follows:

"We can easily see how the plaintiffs herein are interested in having a favorable construction placed upon the statute, but no plausible reason or suggestion has been ventured as to the probate judge having any interest or any obligation, liability or privilege resulting from a decision in the matter involved. We therefore conclude that there exists between the plaintiffs and the probate judge no actual controversy as required by statute . . ." (p. 368.)

Such reasoning is applicable to the present case. The company is interested in having a favorable construction given to the applicable statute, the admitting act of Kansas, and the joint resolution of the legislature, but the defendant officials are not interested because they are concerned only with whether the real estate is taxable and such property is not owned by the company.

The county officials are not parties to the lease between the company and the RFC. Insofar as such officials are concerned, the representatives of such corporations may settle any dispute they may have relative to the legality of the taxes in such manner that the taxes will be paid by either one or the other of the interested parties. In such event a controversy would never develop between the taxing authorities and anyone. As was stated in *West v. City of Wichita*, 118 Kan. 265, 267, 234 Pac. 978, a judgment should never be entered determining "a situation that may never arise." In emphasizing such point, counsel for the appellees asserts that the United States has consented to property owned by the RFC being taxed and that perhaps for such reason the RFC in this case has not contended otherwise. In support of such contention the appellees' brief reads as follows:

"Both RFC and Defense Plant Corporation were created and have had their existence solely by Act of Congress and subject to the injunction of Congress

that '. . . their real property . . . shall be subject to state, territorial, county, municipal or local taxation to the same extent according to its value as other real property is taxed . . .' (55 Stat. 248, 15 USCA 610.)

"At the time of preparing this brief, RFC has taken no action, either independently or in conjunction with appellant, questioning the propriety of appellees imposing taxes upon the real estate."

Even though counsel for the company contend that such action on the part of congress did not and cannot in effect repeal the provisions contained in the act of admission and in the joint resolution of the legislature and that congress cannot nullify the effect of our statute (G. S. 1935, 79-201) which provides "That the property described in this section, to the extent herein limited, shall be exempt from taxation: . . . *Fifth.* All property belonging exclusively to this state or to the United States . . ." nevertheless, this court must be concerned primarily with whether such question can be reached for decision in this case.

We have concluded that as between the company and the taxing authorities no actual controversy exists which would vest the district court with jurisdiction to detemine under our declaratory judgment statutes whether the involved taxes were lawfully taxed against the real estate. In the absence of an actual controversy, a serious question may arise as to the constitutionality of declaratory judgment statutes. (See *State, ex rel., v. Grove,* 109 Kan. 619, 201 Pac. 82.) No actual controversy can exist in this case between the company, which is the lessee of the land, and the county officials. Such officials can look only to the land and therefore can have a controversy in this case only with the owners of the land. The company has only an option to purchase the real estate, may never exercise it and therefore never own it. It follows that there may never develop an actual controversy between the company and the taxing officials. There must be two sides to any actual controversy. In this case the county officials cannot have an actual controversy with the company because such officials cannot contend that any obligation of any kind or character exists as between them and the company. In the case of *State, ex rel., v. Wyandotte County Comm'rs,* 128 Kan. 516, 279 Pac. 1, the second syllabus reads as follows:

"To obtain a declaratory judgment under section 60-3127 of the Revised Statutes all persons interested in the controversy must be made parties to the action. *Those interested on one side only* of the controversy are not sufficient parties, although they may disagree as to the law." (Emphasis supplied.)

From the opinion the following is quoted:

". . . As between the county commissioners and the county treasurer there can be no such controversy over the matters presented as is contemplated by the declaratory judgment law. The county treasurer and the county commissioners may disagree as to the law, but there is no justiciable controversy between them. The controversy, if there is any, is between them on the one side and the bank, surety, contractor, or the assignee of the contractor, on the other side." (p. 520.)

In the cited case no bank, surety, contractor or assignee was made a party to the action. In the instant case the RFC was made a party to the action, but the question remains to be decided whether the RFC has asserted that any actual controversy exists as between it and the county officials or between it and the company. Decision upon such question necessarily requires further consideration of the position taken by the RFC in this case.

The pertinent part of the petition reads as follows:

". . . That the defendant, Reconstruction Finance Corporation, has contended and is now contending that under the terms and provisions of the lease attached to the original petition as Exhibit 'A' that the plaintiff is liable for the payment of any taxes lawfully assessed or imposed upon the real estate above described."

There is nothing in such allegation which asserts that the RFC contends the taxes were not lawfully assessed against the property and we fail to find anywhere in the petition an allegation which asserts or by implication develops that any actual controversy exists between the RFC and the taxing officials. The allegations in the petition as to an existing actual controversy read:

"That an actual controversy exists between the *plaintiff* and the officials of Sedgwick County, Kansas as to the interpretation which is to be given to the provisions of paragraph 20 . . ."

and

"That *plaintiff* [not RFC] contends that . . . taxes may not be lawfully levied, . . . against property owned, used by, and belonging exclusively to the United States of America." (Emphasis supplied.)

Further examination discloses that it is only the company which asserts that the matter is of immediate and of public interest. We cannot find in the petition any allegation or inference to the effect that the RFC is now contending anything except that the company must pay all taxes lawfully assessed. Moreover, the answer filed by the RFC does not assert that any actual controversy exists between it and the taxing authorities. The complete answer of the RFC reads as follows:

"Comes now the defendant, Reconstruction Finance Corporation for its answer to plaintiff's petition admits each and every allegation of fact in said petition contained."

As a result we are forced to conclude that the position taken by RFC is simply that the controversy exists between the company and the taxing officials but not between such officials and the RFC. Neither can it be asserted that RFC contends that a controversy exists between it and the company as to whether the taxes are lawfully assessed because the petition only asserts that the RFC contends that the company is liable for the payment of all taxes lawfully assessed—not that the taxes in question are lawfully assessed or unlawfully assessed. As a consequence the pleadings fail to disclose that an actual controversy exists as between any of the parties. (See, also, *City of Cherryvale v. Wilson,* 153 Kan. 505, 112 P. 2d 111, and *Witschner v. City of Atchison,* 154 Kan. 212, 117 P. 2d 570.)

Strange as it may seem, the RFC has raised no issue in the case and although its attorneys were served with notice of appeal, they have not filed any brief or otherwise appeared in the appeal proceedings. A similar question to that involved in the present case as to the legality of the taxes was decided by the supreme court of Washington in the case of *Boeing Aircraft Co. v. R. F. C.,* 25 Wn. 2d 652, 171 P. 2d 838, under the declaratory judgment act of that state. But the opinion in such case sets forth that the Boeing Aircraft Company as respondent had refused to pay the taxes because they were not lawfully assessed and that the Reconstruction Finance Corporation had at all times demanded that the respondent pay the same. It is useless for us to compare provisions of the Washington act with our own since it is apparent that a controversy existed in the Washington case as between the respondent and the RFC but it is not asserted in the present case that the RFC contends that the taxes are lawfully assessed and that the company should pay them. Also, it may be noted that the supreme court of Wisconsin has recently passed upon a similar question in the case of *State v. Sanlader,* 250 Wis. 481, 27 N. W. 2d 447, but in that case the action was brought by the state on relation of the Reconstruction Finance Corporation against a clerk to determine the validity of the assessment of the taxes. The district court in the present case ruled that the action should be dismissed. We do not reach decision on the reason given by such court but the ruling was correct because such court

did not have jurisdiction. Therefore, this court on appeal does not have jurisdiction, and the appeal is dismissed.

BURCH, J. (dissenting): The airplane company, by reason of its obligation to pay taxes lawfully assessed, its right of occupancy dependent upon the payment thereof, and option to purchase the property, has a special interest in the property which entitles the company to have the controversy determined. The RFC may never have a controversy with the taxing officials or the company if this court determines the controversy now existing between the company and the taxing officials. There is an actual present controversy between such officials and the company. The defendant officials claim the right to tax the property and the company denies such right. (See State, ex rel., v. Grove, 109 Kan. 619, 626, 201 Pac. 82.) Without a judicial decision on the question, the taxing officials cannot reach a binding conclusion that they have the right to tax the property and cannot consent to the contention of the company. Therefore, a controversy exists which is justiciable under the declaratory judgment act. (State, ex rel., v. Kansas City, 110 Kan. 603, 606, 204 Pac. 690.) A judgment in this case would either affirm or deny an asserted liability and the decision would have a practical effect which probably would be self-operative and certainly would cause a consequential result. Our declaratory judgment act is remedial and must be liberally construed. (G. S. 1935, 60-3132.) See, also, Railroad Bldg., Loan & Savings Assn. v. Grayum, 136 Kan. 418, 15 P. 2d 405, and Coates v. Camp, 161 Kan. 732, 741, 173 P. 2d 266. The uniform act provides that the action may be brought by "persons interested." While the Kansas act does not specifically declare what parties may bring an action thereunder, our G. S. 1935, 60-3132, supra, refers to "parties interested." Since the special and substantial property rights which the airplane company has in the property would be affected by a declaratory determination in this case, the company has a real bona fide interest in the subject matter and consequently is a proper "party interested." The subject matter is the property. The defendant officials are "parties interested" in the property because they assert the right to tax it. (See 1 C. J. S. 1048, and 16 Am. Jur. 328.) This court should decide the substantive question presented. A majority of the members of this court have not passed on the question whether the taxes were unlawfully assessed. Therefore, it is unnecessary for me to express my opinion thereon.

WEDELL and HOCH, JJ., concur in the foregoing dissenting opinion.