MERVIN D. EVANS, APPELLANT, V. METROPOLITAN UTILITIES DISTRICT OF OMAHA, NEBRASKA, ET AL., APPELLEES.

166 N. W. 2d 411

Filed March 14, 1969. No. 37021.

Foulks, Wall & Wintroub, for appellant.

Cecil S. Brubaker, Herbert M. Fitle, Schmid, Ford, Snow, Green & Mooney, and John E. Rice, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and MORAN, District Judge.

WHITE, C. J.

This is an appeal from a Douglas County district court order sustaining a demurrer to the plaintiff's petition and dismissing his petition. The action was brought as a class action on behalf of the plaintiff and other affected rate payers of the defendant Metropolitan Utilities District, hereinafter referred to as M.U.D. The petition of the plaintiff seeks a declaratory judgment of the unconstitutionality of L.B. 425 of the 1967 Legislative Session, Laws 1967, c. 47, p. 178. This bill amended former section 14-1041, R. R. S. 1943, now cited as section 14-1041, R. S. Supp., 1967, and created section 14-1042, R. S. Supp., 1967. For purposes of this opinion, L.B. 425 will be used to refer to sections 14-1041 and 14-1042, R. S. Supp., 1967. L.B. 425 requires M.U.D.

to pay 2 percent of its gross retail sales to the municipalities which it serves. The demurrer was sustained and the action was dismissed on the grounds that the cause of action stated in plaintiff's petition was derivative, and that plaintiff did not allege facts essential to his bringing the action.

On appeal, plaintiff contends: (1) That the action is direct rather than derivative, (2) that the trial court erred in determining that the plaintiff had not alleged the necessary facts essential to his bringing this action, and (3) that the trial court erred in not permitting the plaintiff to amend his petition to set forth more specifically the facts permitting him to bring the action. We affirm the trial court's order sustaining the demurrer and dismissing the action.

The plaintiff, Mervin D. Evans, is a resident of Omaha, Douglas County, Nebraska, and is a user and rate payer for gas and water utilities of M.U.D. Since 1947, and pursuant to section 14-1041, R. R. S. 1943, M.U.D. has been required to pay to the City of Omaha varying sums of money. L.B. 425 requires payments of 2 percent of gross retail sales of M.U.D. to be made to all municipalities which it serves. The plaintiff alleges that M.U.D. has indicated it will correspondingly increase by 2 percent the monthly bill of each water and gas consumer inside the municipalities covered by the provisions of L.B. 425.

The petition filed by the plaintiff named as defendants M.U.D., Sam Howell, treasurer of the City of Omaha, and the municipalities of Omaha, Bennington, Springfield, Fort Calhoun, Boys Town, and Bellevue. The petition prayed for an injunction freezing the 2 percent required to be paid to the municipalities until the constitutionality of L.B. 425 was determined, and upon a declaration of unconstitutionality that the money so impounded and frozen be returned to M.U.D., "upon such conditions as it (the court) may direct."

Section 25-301, R. R. S. 1943, provides that, "Every

action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 25-304, R. R. S. 1943." (Section 25-304, R. R. S. 1943 is not relevant to the disposition of any issues in this case.) The use of a demurrer is a proper method to object to a defect in the parties. Cunningham v. Brewer, 144 Neb. 218, 16 N. W. 2d 533. The demurrer filed herein specifically raised the issue that the plaintiff and all others similarly situated were not the real parties in interest.

The issue, therefore, is whether users of utilities furnished by M.U.D. are real parties in interest in an action challenging the constitutionality of a statute requiring M.U.D. to pay additional sums to municipalities in which it operates and to seek an injunction against collection of such additional funds from M.U.D., in the absence of a demand on M.U.D. to seek the same relief. We hold that they are not the real parties in interest.

In Dafoe v. Dafoe, 160 Neb. 145, 69 N. W. 2d 700 (1955), this court stated the general law defining a real party in interest. In substance, we held that a real party in interest is the person "entitled to the avails of the suit," that the person who is asserting the cause of action has a "remedial interest which the law of the forum can recognize and enforce," and that he has a "justiciable interest in the subject matter in litigation, either in his own right or in a representative capacity."

No demand was made on M.U.D. asking it to seek an injunction against the collection of the additional sums of money by the municipalities. Nor is there any allegation of a demand on M.U.D. to seek to have L.B. 425, declared unconstitutional. There is no allegation either expressly or indirectly that M.U.D. has waived the necessity for demand by indicating that it would not sue if a demand were made on it. The law in this respect is clear. The requirement of a demand to sue and a subsequent refusal or a waiver of demand by an indication on the part of the public corporation of an intent not

to sue are conditions precedent to a representative or derivative suit on behalf of public corporations. See, 18 McQuillan, Municipal Corporations, § 52.41, p. 83; Madison Metropolitan Sewer Dist. v. Committee, 260 Wis. 229, 50 N. W. 2d 424; Niklaus v. Abel Constr. Co., 164 Neb. 842, 83 N. W. 2d 904. It seems to be quite obvious that plaintiff and the others in his class have no standing as parties to bring this suit for the simple reason that they cannot be considered real parties in interest. As far as this action is concerned they are not sui juris and neither do they have any justiciable interest in this controversy at the present time because the action exists on the part of M.U.D., and M.U.D. has not refused to bring it. Further, of course, they have no interest or right to the avails of any suit of this nature, since M.U.D. itself would be the proper party plaintiff and would be entitled to all avails in the event of the successful determination that L.B. 425 is unconstitutional.

The petition of the plaintiff alleges no direct injury. By maximum inference from the allegations of the petition, plaintiffs as rate payers, have a prospective, contingent, and indirect interest because action that M.U.D. may or may not take could have an effect upon the policy or management decision of M.U.D. with respect to utility rates. It is obvious that they have no direct cause of action against M.U.D. or the other parties concerned and, therefore, cannot be the real parties in interest on the basis of having a direct cause of action for a wrong done to them individually. The petition only alleges a possibility of injury by the statement that M.U.D. has indicated that it will raise its rates by 2 percent for those parties living within the municipalities collecting the 2 percent from M.U.D. If the rates are raised, it must be on the basis of a managerial or policy decision that is not prompted or legally related or authorized in any manner by the statute sought to be declared unconstitutional. While a rate increase may

be made by M.U.D., an indirect burden of 2 percent placed on the plaintiff and others in his class, the burden will then be caused by M.U.D., and not by statute.

We point out that L.B. 425 does not require, that the 2 percent be passed on. It might well be determined by M.U.D., as was apparently the assumption of the Legislature in passing the statute, that the, present rates were adequate; or that the 2 percent payments might be paid out of reserves; or possibly M.U.D. might have other assets or income to meet the payments. There is neither any legally probable or fixed obligation to raise rates to meet these payments. In fact, it might be argued that the only party, other than M.U.D. itself, that might suffer would be the bond holders and not the rate payers.

At the risk of belaboring this point, we note the petition of the plaintiff in no way points out how the plaintiff and others will obtain any relief by an ultimate determination that the statute is unconstitutional which will not be obtained by the determination of the M.U.D. cross-petition. It prays that the money received by the municipalities by the 2 percent charge on gross retail sales be returned to M.U.D. *if* the statute is declared unconstitutional and *prays for the allowance of attorney's fees*. The petition does not, by any recognizable standards, ask any relief for the plaintiff and others equally situated. It is abundantly clear that the trial court's action in sustaining the demurrer was correct.

The final question is whether the court erred in failing to permit the plaintiff to amend his petition. Section 25-854, R. R. S. 1943, provides: "If the demurrer be sustained, the adverse party may amend, if the defect can be, remedied by way of amendment, with or without costs, as the court in its discretion shall direct." This section of the statute does not declare an absolute right of amendment. Weiner v. Morgan, 175 Neb. 656, 122 N. W. 2d 871; Coverdale & Colpitts v. Dakota County,

144 Neb. 166, 12 N. W. 2d 764. The trial court did not abuse its discretion in refusing or failing to grant permission to amend the petition. We note in the record of this case that the plaintiff at no time requested permission to amend his petition prior to the time of filing a motion for a new trial in this case. It seems to us the reason for this failure is obvious. By cross-petition, M.U.D. in this case has effectively refuted the basic claim of plaintiff with respect to his right to bring this action. In its cross-petition it asks affirmatively for the same relief that the plaintiff purportedly seeks to secure by a direct action with reference to the unconstitutionality of L.B. 425. This being true the possibility of the plaintiff to amend his petition to allege a cause of action and stay within the same subject matter of the action is foreclosed permanently. The subject matter of plaintiff's cause of action is not that M.U.D.'s rates are unreasonably high, or any attack upon managerial policy or decision in this respect, but is instead solely for a determination of the constitutionality of L.B. 425. If it subsequently is determined that the statute is unconstitutional, a decision based upon M.U.D.'s cross-petition herein, and if M.U.D. has decided not to lower its rates to correspond to the rates of users outside the different municipalities, a possibly different cause of action would be available to the plaintiff and others similarly situated against M.U.D. It is clear, of course, that such an action could not be maintained at the present time and is not available within the range of the subject matter of this action.

We point out that nothing said herein, either directly or indirectly, should be construed as a determination in any respect as to the constitutionality of L.B. 425. It has become necessary in discussing the issues in this case, arising on demurrer, to assume the unconstitutionality of this statute.

We come to the conclusion that the trial court's judg-

ment in sustaining the demurrer and dismissing the action is correct and is affirmed.

AFFIRMED.