625 P.2d 334

**J. Michael MORRIS, on behalf of himself and all others similarly situated, Plaintiff-Appellant,**

v.

**Bart FLEMING, in his capacity as State Treasurer of Arizona; Raymond Long, in his capacity as assistant director for finance of the department of administration, and the Arizona Corporation Commission, a body corporate organized under the laws of the State of Arizona, Defendants-Appellees.**

No. 1 CA–CIV 4219.

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 16, 1980.

Rehearing Denied Feb. 23, 1981.

Review Denied March 24, 1981.

Robert K. Corbin, Atty. Gen. by Fred W. Stork, III, and Charles S. Pierson, Asst. Attys. Gen., Phoenix, for defendants-appellees.

Arizona Center for Law in the Public Interest by Bruce Meyerson and Amy J. Gittler, Phoenix, for plaintiff-appellant.

## OPINION

DONOFRIO, Judge.

This is an appeal by J. Michael Morris, plaintiff below, from a judgment of the superior court which dismissed his complaint and granted the defendants' motion for summary judgment.

J. Michael Morris, is an Arizona resident and a rate payer of services from public service corporations regulated by the Arizona Corporation Commission. Mr. Morris brought this class action suit under the Declaratory Judgment Act, A.R.S. § 12–1831 *et seq.*, against the State Treasurer of Arizona, the Assistant Director of Finance of the Department of Administration and the Arizona Corporation Commission.

The complaint states that the Arizona Corporation Commission annually assesses a tax against public service corporations based on their gross operating revenue. Under A.R.S. § 40–401 the purpose of this tax is to enable the Commission to perform its lawful duties. Sums collected pursuant to this assessment are required to be deposited in the State's general fund under A.R.S. § 40–408 and thus are available to meet the general obligations of the State. The complaint alleges that § 40–401 is a regulatory measure and that the due process clause of the Arizona Constitution, Art. II, § 4, requires that sums raised for the purpose of regulation must actually be spent for regulatory purposes. Therefore, the complaint alleges that A.R.S. § 40–408 is unconstitutional because it permits sums raised for the purposes of utility regulation to be used for purposes unrelated to regulation.

The complaint requests an order declaring that A.R.S. § 40–408 is unconstitutional and an order for the court to create a special fund/constructive trust/private fund on all sums collected by the Commission under A.R.S. § 40–401 since 1947 to be used by the Commission to perform its duties under A.R.S. § 40–401 *et seq.* In the alternative, the complaint requests an accounting of monies deposited into the general fund under § 40–408 for actual damages as the sum wrongfully collected from the appellant and members of his class pursuant to A.R.S. § 40–401 *et seq.*

Appellant moved for partial summary judgment. His request was denied. The appellees filed a cross-motion for summary judgment on the grounds that: (1) Appellant lacks standing to bring and maintain the action, and (2) A.R.S. § 40–401 *et seq.* are valid and constitutional provisions. The superior court *granted the appellees' motion for summary judgment and further decreed that the complaint be dismissed for failure to state a claim upon which relief could be granted.* Morris appealed the granting of the summary judgment. Jurisdiction was accepted pursuant to A.R.S. § 12–2101(B). We affirm the judgment of the superior court.

This matter was brought under the Arizona Declaratory Judgment Act, A.R.S. § 12–1831 *et seq.* The act provides in § 12–1832:

> "Any person * * * whose rights, status or other legal relations are affected by a statute, * * * may have determined any question of construction, or validity arising under the * * * statute * * * and obtain a declaration of rights, status or other legal relations thereunder."

The persons who qualify under this statutory definition are the proper parties to bring a suit for the purpose of having a statute declared unconstitutional.

The appellant claims that he has standing to bring this action because the assessment charged the public service corporations under A.R.S. § 40–401 is passed on to him by them in their rates. This assertion of standing was expressly rejected by the Nebraska Supreme Court in *Evans v. Metropolitan Utilities District*, 184 Neb. 172, 166 N.W.2d 411 (1969). In *Evans* a rate payer brought a class action seeking a declaratory judgment that L.B. 425, which required a utility (M.U.D.) to pay 2% of its gross retail sales to all municipalities it serves, was unconstitutional. The trial court dismissed the plaintiff's complaint for lack of standing. The Supreme Court of Nebraska affirmed, and in concluding that the plaintiff had no standing, stated:

> "The petition of the plaintiff alleges no direct injury. By maximum inference from the allegations of the petition, plaintiffs as rate payers, have a prospective, contingent, and indirect interest because action that M.U.D. may or may not take could have an effect upon the policy or management decision of M.U.D. with respect to utility rates. It is obvious that they have no direct cause of action against M.U.D. or the other parties concerned and, therefore, cannot be the real parties in interest on the basis of having a direct cause of action for a wrong done to them individually. The petition only alleges a possibility of injury by the statement that M.U.D. has indicated that it will raise its rates by 2 percent for those parties living within the municipalities collecting the 2 percent from M.U.D. If the rates are raised, it must be on the basis of a managerial or policy decision that is not prompted or legally related or authorized in any manner by the statute sought to be declared unconstitutional. While a rate increase may be made by M.U.D., an indirect burden of 2 percent placed on the plaintiff and others in his class, the burden will then be caused by M.U.D., and not by statute.
> We point out that L.B. 425 does not require that 2 percent be passed on. It might well be determined by M.U.D., as was apparently the assumption of the Legislature in passing the statute, that the present rates were adequate; or that the 2 percent payments might be paid out of reserves; or possibly M.U.D. might have other assets or income to meet the payments. There is neither any legally probable or fixed obligation to raise rates to meet these payments. In fact, it might be argued that the only party, other than M.U.D. itself, that might suffer would be the bond holders and not the rate payers."

We find the above reasoning persuasive in this case. In this case, as in *Evans*, whether or not the rates are raised to reflect the tax imposed by statute is a managerial decision. There is no obligation to raise the rates to meet the assessment. Therefore, we conclude that the appellant herein is not a "party affected * * * by the statute" within the meaning of A.R.S. § 12–1832.

Further, we find that the claim fails to set forth sufficient allegations to state a claim for relief, i. e., there is no justiciable controversy alleged. In order for a justiciable controversy to exist there must be an assertion in the complaint of a legal relationship, status or right in which the appellant has a definite interest and an assertion of the denial of it by the other party in order to entitle the appellant to a declaration of right. *Riley v. County of Cochise*, 10 Ariz.App. 55, 455 P.2d 1005 (1969). In the present case, there is no legal relationship in which the appellant has a definite interest. Moreover, to have an actual justiciable controversy there must be two opposing sides. Here, the state officials cannot have an actual controversy with the appellant because such officials cannot contend that any obligation of any kind exists between them and the appellant. *Boeing Airplane Co. v. Board of County Com'rs*, 164 Kan. 149, 188 P.2d 429 (1947). When the appellees have no power to deny appellant's interests, *no controversy exists*. *Riley, supra*.

Our resolution of the jurisdictional issues renders it unnecessary to consider the constitutionality of A.R.S. § 40–401 *et seq*.

For the reasons stated above, the judgment of the superior court is affirmed.

FROEB, P. J., and WREN, J., concur.