RICHARD E. FOWLER, APPELLANT, V.
NATIONAL BANK OF COMMERCE TRUST AND
SAVINGS ASSOCIATION, APPELLEE.

312 N.W.2d 269

Filed November 6, 1981. No. 43549.

Richard E. Fowler, pro se.

Knudsen, Berkheimer, Beam, Richardson & Endacott for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and STANLEY, District Judge.

CLINTON, J.

The plaintiff, Richard E. Fowler (Fowler), brought this action in the District Court for Lancaster County

against the National Bank of Commerce Trust and Savings Association (NBC) for its alleged negligence in maintaining the ledgers of the deposit account of Steak-O-Rama, the former employer of Fowler. In the petition it is claimed the alleged negligence caused Fowler to be convicted of the crime of embezzlement and to be sentenced to a term in the penitentiary. NBC filed a demurrer to Fowler's third amended petition on the ground the petition did not state a cause of action and also joined therewith a motion to dismiss the petition on the ground of collateral estoppel. The trial court sustained the demurrer, took judicial notice of prior proceedings pertaining to Fowler's conviction of embezzlement, and dismissed the petition. Fowler has appealed to this court. He makes several assignments of error which, in substance, allege that the court erred in sustaining the demurrer and dismissing the petition.

Fowler's third amended petition or complaint alleged he was convicted in the District Court for Lancaster County of the crime of embezzling the sum of $433.37 from Steak-O-Rama, his employer. The above amount constituted the receipts of the restaurant for the day of January 25, 1974. The petition alleged that the records of the bank were not introduced in evidence at his trial. Fowler further alleges in the petition that NBC negligently maintained Steak-O-Rama's deposit records on the specific dates of January 21, 1974, and February 4, 1974. He does not allege he deposited the receipts of January 25, 1974, in the bank, nor does he allege any error in the bank records with respect to the receipts of which he was accused of embezzling.

At the hearing on the demurrer and the motion to dismiss, the ledgers for the month of January 1974 were received in evidence, as was Fowler's testimony from the preliminary hearing and portions of the bill of exceptions from the criminal trial. The court, upon request, took judicial notice of the records of the criminal prosecution and the later post conviction proceeding.

The conviction and the denial of post conviction relief were appealed to this court and affirmed. *State v.*

*Fowler*, 193 Neb. 420, 227 N.W.2d 589 (1975); *State v. Fowler*, 201 Neb. 647, 271 N.W.2d 341 (1978).

Even if we assume NBC owes a duty to Fowler in relation to keeping the records of his employer ( a question we need not decide), it is clear the petition does not state a cause of action as it does not allege any fact or facts which tend to show a causal connection between the bank's alleged negligence and Fowler's conviction.

We now quote and adopt the following portions of the trial court's memorandum opinion: "Defendant also moves the Court to dismiss the plaintiff's action with prejudice. Leave to amend should ordinarily be granted after a demurrer is sustained, especially in respect to an original complaint, if there is a reasonable possibility that a cause of action can be stated. *Cagle, Inc. v. Sammons*, 198 Neb. 595, 604, 254 N.W.2d 398, 404 (1977). This is, however, the third time a demurrer has been sustained to Mr. Fowler's attempts to state a cause of action against the National Bank of Commerce. Furthermore, the defendant contends that there is no reasonable possibility that plaintiff can state a cause of action against it.

"The defendant relies on the records of this Court in the prior criminal proceeding against Mr. Fowler to support its assertion that no cause of action can be stated. National Bank of Commerce has asked this Court to take judicial notice of its records in those proceedings and has introduced into evidence certain portions of the testimony therein in support of its motion.

"While a court will not ordinarily take judicial notice of its records in another case, it is proper in considering a demurrer to take judicial notice of the records in another case which is so closely interwoven as to be interdependent. *Knapp v. City of Omaha*, 175 Neb. 576, 122 N.W.2d 513 (1963) [other citations omitted]. In the case at bar, in which plaintiff alleges his criminal conviction is the result of the defendant's negligence, it is clearly proper for this Court to take judicial notice of the records in Mr. Fowler's criminal case, *State v.*

*Fowler*, Docket 39, Page 119, District Court of Lancaster County, Nebraska.

"A review of the record of Mr. Fowler's trial, motion for new trial and postconviction relief proceeding establishes that the plaintiff has never contended that he made a deposit of the missing January 25, 1974 cash receipts of Steak-O-Rama. Instead, he has stated and testified under oath that he placed the money in a deposit bag and put it in a cabinet in the Steak-O-Rama store rather than depositing it, and that was the last he ever saw of it.

"Since the deposit was never made, any error in the deposit records of the defendant could not have resulted in Mr. Fowler's wrongful conviction. Therefore, there is no possibility that Mr. Fowler will be able to state a cause of action against the defendant. Accordingly, the plaintiff will not be given leave to amend his complaint. *Evans v. Metropolitan Utilities District*, 184 Neb. 172, 166 N.W.2d 411 (1969)."

The records in the post conviction proceeding, of which this court may take judicial notice, show the issue pertaining to the bank's records was litigated in that action. In the post conviction action, Fowler alleged and testified that his counsel should have introduced the bank records. His counsel testified he had examined the records. He decided not to introduce them because the records, tending only to confirm Fowler's position at trial that he never made the deposit, would not have been helpful to Fowler's case.

Prior criminal proceedings can work an estoppel in a subsequent civil proceeding, so long as the question involved was "distinctly put in issue and directly determined" in the criminal action. *McNally v. Pulitzer Pub. Co.*, 532 F.2d 69, 76 (8th Cir. 1976), citing *Emich Motors v. General Motors*, 340 U.S. 558, 71 S. Ct. 408, 95 L. Ed. 534 (1951). See, also, *Cardillo v. Zyla*, 486 F.2d 473 (1st Cir. 1973); *Rosenberg v. Martin*, 478 F.2d 520 (2d Cir. 1973).

AFFIRMED.