ANNA DRAKE ET AL., APPELLEES, V. JOHN A. FRAZER,
APPELLANT.

FILED SEPTEMBER 27, 1920.    No. 21347.

1. **Constitutional Law:** "Torrens Act:" Constructive Service. Proceedings under the Torrens act (Laws 1915, ch. 225) are *quasi in rem*, and the constructive notice provided is binding upon nonresidents and upon unknown persons and persons whose residence is unknown and cannot, with due diligence, be learned, and such service constitutes due process of law, as that term is used in the federal and state Constitutions.

2. **Records:** Registration of Title: Unborn Remaindermen. Where by the provisions of a will contingent remainders are created, and a proceeding is brought, under the Torrens law, to adjudicate the question of the rights of the contingent remaindermen, some of whom are living and some of whom may yet be born; *held that*, where the living persons are made parties to the suit and are brought in by notice provided by the statute, and where the protection of their interests depends upon the identical questions as the interests of the unborn remaindermen, so that they have the same incentive to defend as the unborn remaindermen would have had if in being, the representation of the living parties is a virtual representation of the interests of those yet unborn, and the court has jurisdiction to determine the interests of all contingent remaindermen.

3. **Constitutional Law:** "Torrens Act." Provisions of the statute imposing duties upon the registrar, under the Torrens law, *held* not to bestow upon him judicial powers, in violation of the Constitution.

4. ———: ———: Affirmative Relief. Defendants, in a registration proceeding under this law, are not denied the right to affirmative relief, and, were such right denied, the act of the legislature would not be rendered unconstitutional on that ground, as the state may control the manner in which remedies shall be allowed in its courts.

5. ———: ———: Register of Deeds. The act is not unconstitutional by reason of conferring additional duties upon the register of deeds.

APPEAL from the district court for York county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*McKillip & Barth,* for appellant.

*Thomas, Vail & Stoner, contra.*

FLANSBURG, J.

Action for specific performance of a contract for the sale of land by the plaintiff to the defendant. Defendant refused to perform, alleging insufficiency of plaintiff's title. Decree for the plaintiff and defendant appeals.

The title in this case depends upon a registration under the Torrens Land act (Laws 1915, ch. 225). The certificate of registration was issued in May, 1917, more than two years prior to the commencement of this action.

Plaintiff is the daughter of John A. Boon, who died in 1899, seised of the land in controversy, and leaving a last will and testament which was duly probated. By this will he first devised to his widow, Hannah Boon, a life estate; then a life estate to the plaintiff, his daughter; and at plaintiff's death the property to descend to such of plaintiff's children as might then be living, and, if no children then living, the rents from the property to be divided among the survivors of the testator's children and the heirs of any of such children then deceased, in equal shares.

The heirs at law, including the plaintiff, conveyed all their right, title and interest in this property to Hannah Boon, the widow, and it is the contention of the plaintiff that, by such conveyance, the estate of the reversioners and the estate of the life tenants, all being parties to the deed, became merged, and that thereafter the contingent remainders to the children of the plaintiff and the further contingent remainders for the benefit of the surviving children and heirs of the deceased children of the testator were left without a particular estate to support them, and, therefore, lapsed and were cut off.

After these conveyances, Hannah Boon, the widow, conveyed the fee title to the plaintiff, reserving to herself a life estate. With the title to the land in this situation,

plaintiff applied to the district court to register the fee simple title in herself, subject to the life estate of Hannah Boon and free of the claims of all contingent remaindermen.

In this proceeding all of testator's children and all the living children of the testator's children, including living children of plaintiff, were made parties defendant, as was also Hannah Boon, testator's widow and the tenant on the land. All parties "whom it may concern" were also designated as defendants. Service was had, as provided by the statute, upon all defendants named in the application and notice was published as provided by law. The court ordered a registration of the title in the plaintiff, subject only to the life estate of Hannah Boon.

Subsequently, Hannah Boon conveyed her interest to the plaintiff and the certificate of registration was extended to show that plaintiff had a full fee simple title. This was the condition of the title when plaintiff tendered performance.

Whether or not the trial court, in the registration proceeding, rightfully held that the contingent remainders were destroyed by a failure of the particular estate to support them (see note, Ann. Cas. 1917A 902), it is unnecessary to determine, for this is not an appeal from but a collateral attack upon that judgment. The essential question here is whether or not the decree in the registration proceeding, rendered against remaindermen before they came into being, is conclusive upon them, so as to bar them from at any time asserting their claims in future litigation.

The defendant contends that the contingent remainders were not destroyed by a merger of the reversion and life estates, and that the registration proceeding is insufficient to bar the claims of the contingent remaindermen who were at that time unborn; that the rights of these remaindermen could not be foreclosed in an action where they were neither parties nor where they had no opportunity to assert their rights, and that the decree of the court, in

Drake v. Frazer.

pursuance of the power, given by the statute, deprives them of their interest in the property without due process of law.

The statute requires the issuance and service of summons upon all known defendants, residents of the state, whose names and addresses can, with care and diligence, be ascertained, as is required in civil cases generally. It further provides for publication of notice addressed to all known defendants by name and "to all whom it may concern," thus providing, so far as can be done with reasonable certainty, constructive notice to all persons in interest whose names or addresses cannot be ascertained, or who may be nonresidents. It is also further provided that a copy of this published notice shall be mailed to each defendant, whose name and address is known, and who is not served with process.

These provisions for notice are as full and broad as the legislature could reasonably be expected to devise as to all living persons and all unknown claimants, and, upon settled authority, constitute, as to all such persons, due process of law, as that term is used both in the state and federal constitutions.

The state has full control over the subject and manner of establishing title to real property within its boundaries, and the Torrens law provides a special proceeding in that regard, based upon well-recognized principles. The proceeding is substantially *in rem* to fix the status of the land, to declare the nature of the titles and interests therein, and to determine to what persons such titles and interests belong. The power of the state is not limited to the settlement of actual present controversies over title, but it may look to the future, and, in a present proceeding, determine anticipated controversies, and thus forestall and prevent future litigation and make titles marketable for present generations.

Proceedings involving this principle are not new, for decrees probating wills and quieting titles to real estate against unknown heirs and unknown parties have been repeatedly held to be conclusive for all time and against all persons.

Statutes, involving the Torrens system of the land title registration, have been sustained, where like objections were raised as to the sufficiency of the notice and conclusiveness of the decree, by courts, in carefully considered opinions, in Illinois, from which state our statute was virtually taken, and in other states.    *People v. Simon,* 176 Ill. 165; *White v. Ainsworth,* 62 Colo. 513; *Robinson v. Kerrigan,* 151 Cal. 40; *Tyler v. Court of Registration,* 175 Mass. 71; *State v. Westfall,* 85 Minn. 437.

The general principle of constructive notice in proceedings of this nature have been recognized and fully discussed in *Arndt v. Griggs,* 134 U. S. 316; *Title & Document Restoration Co. v. Kerrigan,* 150 Cal. 289; *Shepherd. v. Ware,* 46 Minn. 174; note, 29 L. R. A. n. s. 625 ( *Tennant's Heirs v. Fretts,* 67 W. Va. 569).

Though it is fundamental that the rights of a person may not be adjudicated in a proceeding to which he is not a party, nevertheless the legislature may provide, in the interest of justice, that a person's rights in real estate may be determined in proceedings where he is represented, though he is not in person an actual party to the suit.

If that could not be done, then property interests, under a will, in the nature of contingent remainders in favor of unborn persons, as in this case, could not be passed upon by the courts, nor the status of title determined until all such persons, having future interests, should come into being.   This would tie up real estate indefinitely.

In Massachusetts, the legislature has provided, in certain cases, that the interest of persons not in being should be represented by guardian *ad litem,* and such representation has been, in *Loring v. Hildreth,* 170 Mass. 328, held sufficient.

In the statute under consideration, it is provided that the life tenant in the property shall present and file claims in behalf of the contingent interests of unborn persons. As it happens in this case, the life tenant, in conjunction with the reversioners, has, by her own act, caused the interests of the contingent remaindermen to lapse and be cut off,

Drake v. Frazer.

and is an adversary against them. She, therefore, would not have been a fit nor proper representative in behalf of their interests.

In this case it is unnecessary to rely upon the representation by the life tenant, as provided by the statute, as we find that the unborn remaindermen were represented in the registration proceeding under the doctrine known as virtual representation.

At the time of the proceeding for registration there were children living both of plaintiff, and of the testator. all of whom were made parties and properly notified, as required by the statute. The interests of these living persons, who, upon future contingencies, might become remaindermen, rest upon the identical legal questions as do the interests of those unborn persons, who, also, might become entitled to contingent remainders in the property. As the court had before it, at the time of registration, persons whose interests were the same as the interests of those not in being, the persons before the court, in representing and protecting their own interests, necessarily represented the interests of an identical nature of those remaindermen who were yet unborn. It follows that, the matters concerning all contingent remaindermen being fairly and honestly represented, the court had full opportunity and jurisdiction to properly adjudicate all the interests involved. By the doctrine of virtual representation, the interests of those persons not in being actually had representation in the proceeding. Such rule is generally recognized, in furtherance of justice and upon the general ground of public policy, as such controversies cannot await the coming into existence of all persons whose interests might be involved. To hold otherwise would prevent many cases from ever being brought to a final conclusion. *Gavin v. Curtin,* 171 Ill. 640; *Ridley v. Halliday,* 106 Tenn. 607; *Mathews v. Lightner,* 85 Minn. 333, 89 Am. St. Rep. 558; 15 R. C. L. 1024, sec. 498.

It is urged that the Torrens law is unconstitutional, since it confers judicial powers upon the registrar. The act

provides that, where a person files a mortgage or instrument to create a charge upon land, and it appears to the registrar that the person intending to create the charge has the title and right to do so, and is entitled to have the same registered, the registrar shall then register the instrument; and it is further provided that, when it is made to appear to the registrar that a party, desiring to transfer property which has been registered, has the right or interest proposed to be transferred, and is entitled to make the conveyance, and that the transferee has the right to have such estate transferred to him, the registrar shall make out a new certificate.

The mere fact, that the registrar is required, in these instances, to exercise his judgment as to the rights of parties to file such instruments and have them registered, does not mean that he is to act as a tribunal for the adjudication of disputes, but the judgment he is intended to exercise is purely incidental to his ministerial duties, and, though his act may be called quasi-judicial in character, such duties given him are not imposed in violation of the Constitution. *People v. Simon, supra.*

It is argued that the act provides for an *ex parte* hearing before an examiner, without notice to the parties interested, and which is binding upon them. On the contrary, the statute provides only for an investigation and report by the examiner. This report is not binding upon the court, and the court, it is provided (section 24), "may require other or further proof."

Again, it is contended that the act does not provide affirmative relief for defendants. Provision is made, however (section 22), for filing a cross-petition by defendants and affirmative relief is thus afforded. But it is not necessary, in order to meet the requirements of the Constitution, that affirmative relief be granted to a defendant in a suit, as the state has full control over that subject and may determine in what manner remedies shall be provided through its courts. *People v. Crissman,* 41 Colo. 450.

Drake v. Frazer.

Another contention is that the act creates a new office by bestowing new duties upon an officer already existing, and does not provide for the election of such officer. There is nothing in our Constitution limiting the power of the legislature in that regard, as to the office of register of deeds, and the argument is untenable. *People v. Crissman*, and *State v. Westfall, supra.*

The act further provides that no person shall commence any action to recover any interest in the land, or make adverse entry upon the land, unless within two years after the entry of the order or decree. The unborn remainder-men in this case, as we have pointed out, were virtually represented in the proceeding and concluded by the decree of registration. That decree quieted the title as against the world and no person has appeared, to this time, with any showing that he was not served with notice, as provided by the law, and that the decree for that reason is not binding on him. The decree itself being binding, there is nothing to invoke the operation of the two-year limitation mentioned, and that provision is therefore not involved in this case and not before the court for determination.

Other objections are made as to the constitutionality of certain provisions of the law, but those questions bear upon parts of the act not at all involved in this controversy, nor so connected with the act as a whole that to declare them invalid would vitiate the entire act, and are not, therefore, before the court.

The judgment of the lower court is.

AFFIRMED.

DEAN and ALDRICH, JJ., not sitting.