MERVIN D. EVANS, APPELLEE AND CROSS-APPELLANT, V. METROPOLITAN UTILITIES DISTRICT OF OMAHA, APPELLANT AND CROSS-APPELLEE, IMPLEADED WITH CITY OF OMAHA ET AL., APPELLEES AND CROSS-APPELLEES.

176 N. W. 2d 679

Filed April 24, 1970. No. 37385.

Cecil S. Brubaker, Willis L. Strong, and Lester R. Seiler, for appellant.

Foulks, Wall & Wintroub, for appellee Evans.

Herbert M. Fitle and Schmid, Ford, Snow, Green & Mooney, for appellees City of Omaha et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is a class action brought by Mervin D. Evans, plaintiff, on his own behalf and that of all other rate-payers, against Metropolitan Utilities District of Omaha, hereinafter referred to as MUD, to enjoin the making of payments under section 14-1041, R. R. S. 1943, and against the City of Omaha, to recover all money paid since 1947 under said statute by MUD to the City of Omaha. Plaintiff's petition and a cross-petition filed by MUD were dismissed, and an appeal was perfected to this court.

Plaintiff is a resident of the Omaha area. For a short period he lived in Douglas county, outside the city limits of Omaha but within the area served by MUD. He has since February 1956, been a ratepayer to MUD for both gas and water services. The boundaries and service area of MUD are not coterminal with the boundaries of the City of Omaha. MUD's source of revenue is the rates charged its ratepayers for gas and water service.

In 1947 the Legislature enacted L. B. 58 (Laws 1947, c. 21, § 2, p. 112) which required metropolitan utility districts to make certain annual payments to the metropolitan city within which the utility is located. This act became a part of section 14-1041, R. R. S. 1943. It provided that payments would be $150,000 for the years 1947 to 1951 and for the years 1952 and thereafter the payment would be equal to 1 percent of the book value after depreciation of the plant and system within the city. This statute was slightly amended in 1961. In 1967 the Legislature made further changes in the statute by L.B. 425 (Laws 1967, c. 47, § 1, p. 179). The change became effective October 23, 1967. It provided for increased payments for the balance of 1967 and future years. All payments previous to January 1, 1967, have been paid pursuant to the statute.

Section 14-1041, R. R. S. 1943, previous to the 1967 amendment, provided in part: "The metropolitan water or utilities district shall pay to said metropolitan city a sum equal to one per cent of the book value, after deduction of depreciation, of the plant and distribution system in service within the corporate limits of the city, said value to be determined as of the last day of the preceding year, and the sum so payable shall be paid by said district to said city in such installments and at such times as may be determined by said district, except that the entire amount due shall be paid not later than the commencement of the fourth quarter of the calendar year; Provided, that notwithstanding the above formula for determining the amount to be paid, the amount so to be paid shall never exceed the total sum of two hundred fifty thousand dollars, nor be less than the sum of one hundred fifty thousand dollars in any year. All payments provided by this section shall be allocated by the metropolitan water or utilities district between the several utilities operated by it upon such basis as said district shall determine. Such metropolitan city shall not levy or collect any license, occupation or excise tax upon or from such district."

The original petition sought a declaration of the unconstitutionality of section 14-1041, R. R. S. 1943, as well as of L.B. 425. The amended petition now involved, however, attacks only the law before the 1967 amendment by L.B. 425. A companion case attacking the statute as amended by L.B. 425, which was before this court in 184 Neb. 172, 166 N. W. 2d 411, is still pending in the district court for Douglas county. MUD filed an answer and cross-petition, also asking that the court declare unconstitutional that portion of section 14-1041, R. R. S. 1943, before the amendment by L. B. 425, requiring payments by MUD to the City of Omaha, and seeking to enjoin any further or future payments thereunder. The petition and the cross-petition differ in the relief asked only in that the plaintiff asks that all pay-

ments made to the city by MUD between 1947 and 1966, inclusive, be returned to MUD, and the cross-petition seeks only to avoid further payments. Counsel for MUD announced in open court that it did not seek the recovery of payments previously made. This raises the question of the status of MUD herein. All the payments involved in this action have been made. MUD is not seeking their return, so there is no subject matter upon which the relief prayed for by it could operate. MUD is concerned only with the 1967 and future payments. These are covered by the 1967 amendment, which is involved in the action still pending in the district court. The present action was properly dismissed as to MUD.

The first question to be answered is whether the plaintiff has the legal capacity to bring the present action as a class action. The amount involved in the payments from 1947 through 1966 is $4,445,850. Plaintiff purports to represent all ratepayers through 1966. Many of these ratepayers are also taxpayers of the defendant city. This action is brought by virtue of section 25-319, R. R. S. 1943, which provides: "When the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Implicit in this statute is the requirement that for one to bring a suit for the benefit of the class, it must be for the benefit of all members of the class.

The general rule is that a plaintiff in a class action must have an interest in the controversy common with those for whom he sues and there must be that unity of interest between them that the action might be brought by them jointly. Certia v. University of Notre Dame Dulac, 82 Ind. App. 542, 141 N. E. 318. Persons having an interest adverse to those of parties purported to be represented cannot maintain a representative or class suit on behalf of the latter. Drake v. Frazer, 105 Neb.

162, 179 N. W. 393, 11 A. L. R. 766; 39 Am. Jur., Parties, § 47, note 11, p. 922.

Will all of the ratepayers of MUD from 1947 through 1966 be benefited by plaintiff's action if the plaintiff is successful in securing a judgment of $4,445,850? It is obvious that the city could pay such judgment only by the levy of a substantial tax against the taxpayers of the city, many of whom would also be MUD ratepayers. The record would indicate that this would require a levy in excess of 5 mills. Plaintiff has lived both inside and outside the city limits during the period in question, but is at present a resident of the city. Without question, ratepayers who are not taxpayers would benefit if a recovery were made. This would include all the ratepayers outside the city limits and those ratepayers within the city who are not taxpayers. All other ratepayers, and these would constitute the larger group, would undoubtedly suffer a loss because they would be taxed for sufficient funds to pay not only the judgment for the amount of the recovery but also for costs and expenses of the litigation. Their interest cannot be said to be sufficiently identical with other ratepayers to permit plaintiff to maintain this action on behalf of all ratepayers. The trial court determined that the plaintiff's action was not for the benefit of all members of the class, and properly dismissed the action.

In view of the conclusion we have reached herein, we do not consider any of the other issues raised by the parties, including the constitutionality of section 14-1041, R. R. S. 1943. We affirm the judgment of the trial court in dismissing the plaintiff's petition and the cross-petition of MUD.

AFFIRMED.