Bertram Harnett, J.
Simply because a real estate broker enters into a consent judgment with the State Rent Administration office enjoining future violations by him of laws affecting his profession, it does not follow he has immunity from subsequent license review proceedings by the New York Department of State.
James T. Metz, his son, and their agency and corporate affiliates are licensed real estate brokers. The State is investigating charges against them of untrustworthiness based upon claimed improper brokerage fee collections from public assistance recipients renting Metz-owned housing in violation of the *220 Emergency Housing Rent Control Law (L. 1946, eh. 274, as amd.), the regulations under it, and a service contract entered into with the County of Nassau. They brought an action to stay these administrative license review proceedings, and, pending that result, seek a preliminary injunction here.
A prior court action against the Metz operatives brought by the New York State office of Rent Administration, Division of Housing and Community Renewal, to recover brokerage fees claimed collected unlawfully was settled by entry of a consent judgment enjoining future violations, with a specific statement that the defendants made no admissions to the truth of the allegations. Plaintiffs Metz here assert that both proceedings initiated by different branches of State government involve the identical claimed abuses and that the action by the Rent Administration, settled without admission, precludes the current administrative review of those same allegations by the' Department of State who might lift their licenses.
Entitlement to preliminary relief pursuant to CPLR 6301 depends in the first instance upon a likelihood of success. (Heldman v. Douglas, 33 A D 2d 695; Park Terrace Caterers v. McDonough, 9 A D 2d 113.) Here, plaintiffs fundamentally err in construing the two proceedings as being one proceeding in effect. They claim the whole matter was settled by the one consent judgment. But, the actions taken are two separate and distinct avenues of administrative redress, with wholly different remedies sought, even if based upon similar or identical factual incidents.
The Rent Administration’s function is to curb and correct abuses of the rent control laws for the protection of tenants unfairly charged, or, as here, paying claimed improperly assessed brokerage fees. (State Rent and Eviction Regulations, § 71 et seq.) It has no authority to grant immunity from any further administrative action by another agency, nor to bind the Secretary of State in his role of reviewing the propriety of continuing Metz licensed real estate broker practice. The two agencies enjoy co-ordinate, not exclusive, administrative realms. In many other contexts, a professional or licensee can be subject to fine, restraint, or jail, and then face by subsequent proceeding loss of his license for that same conduct.
Most critical, the written consent judgment on its face was made “without admitting the allegations of the complaint”. Therefore, there are no prior factual findings, either way, which could ip any way affect or bind the current administrative *221 proceeding. . The Department of State has a continuing responsibility to set standards of broker practice, and to review broker compliance with those standards whenever need for it is indicated, particularly when specific malfeasance comes to its attention. (See Real Property Law, art. 12-A, § 441 et seq.)
Plaintiffs have a remedy for any claimed improper procedures used, or erroneous conclusions made by the Department of State, after the license review proceedings are terminated, through judicial review. (Oleshko v. New York State Liq. Auth.; 29 A.D 2d 84, affd. 21 N Y 2d 778.) At this point, they have suffered no justiciable harm.
The motion for a preliminary injunction is therefore denied.
Since plaintiffs’ motion opens the record and enables the court to pass upon the sufficiency of the allegations of their complaint, in accordance with the above discussion, and no basis for any claim has been found, the complaint herein is deemed insufficient as a' matter of law and is dismissed. (Leonard v. John Hancock Mut. Life Ins. Co., 118 N. Y. S. 2d 170, 171, affd. 281 App. Div. 859; Fisher v. Health Ins. Plan of Greater New York, 67 Misc 2d 674.) In arguing for preliminary relief, plaintiffs have fully revealed their claim, and attempted to establish its sufficiency, albeit without success. There is no unfairness worked by this abbreviated dismissal procedure.