Paul J. Widlitz, J.
This is an action instituted by the Attorney-General in the name of the People of the State of New York under sections 329 and 340 et seq. of the General Business Law for injunctive relief and penalties. Plaintiff now moves for a preliminary injunction pending the determination of this action and seeks to enjoin the defendant from continuing the alleged illegal and unconscionable practices as alleged in the complaint.
The defendant oil corporation is in the business of marketing gasoline and related petroleum products in Nassau and Suffolk Counties as well as other counties of the State. It markets its product in three ways: (1) through independent jobbers; (2) through company-operated stations; and (3) through independently-operated service stations.
The complaint focuses on the plight of those who independently operate company stations. These stations were leased for a year to the operator and have an option for renewal at the choice of the company. These independent operators were wholly dependent upon the defendant for their supply of gasoline and their ability to stay in business as retailers of gasoline and general automotive repairs rested on the whim of the company.
The complaint charges that in June of 1973 defendant began a systematic scheme calculated to change its marketing tactics. It is alleged that this new technique of selling its gasoline and petroleum products was designed to methodically eliminate the independent operator of a company station and thus reduce competition to defendant’s new “ gas and go ” company-operated stations. This was accomplished, the People charge, in two ways: (1) by cancelling B. P. credit cards; and (2) by refusing to renew leases for independent operation of the company stations. By this alleged plan, scheme, and arrangement of terminating and refusing to renew the leases of B. P. branded lessee dealers, by refusing to deliver gasoline to them, and by disallowing the use of B. P. credit cards for general purchases at the stations, it is the contention of the People that competition was effectively restrained and the free exercise of commerce unlawfully interfered with, all in violation of the Don *568 nelly Antitrust Act (General Business Law, §§ 340-347) and other related sections of the General Business Law. The defendant’s answering papers in contesting the application for a temporary injunction also challenge the complaint generally as failing to state a cause of action and it specifically asserts that the statutes (General Business Law, § 340 et seq.) speak iii terms that indicate a conspiracy or arrangement by two or more entities rather than unilateral action by the defendant as alleged in the complaint herein. This court cannot agree. Although the opening sentence of the statute uses .such words as “ contract,” “ agreement,” and “ combination ” which could imply an arrangement by two or more parties, still the tone of the statute is broad enough to reach the unilateral exertion of power by the defendant in stifling competition among its own classes of dealers having varying purchasing arrangements. The defendant, in its superior economic position, could frustrate the monopoly statute by carefully calculated confiscatory acts that could lead to the destruction of one class of competition within its orbit.
A preliminary injunction is a drastic remedy. It should only be granted in that instance when movant has shown a clear right to the remedy coupled with irreparable harm if the wrong complained of is not enjoined during the pendency of the action (Allied-Crossroads Nuclear Corp. v. Atcor, 25 A D 2d 643; Meda Int. v. Salzman, 24 A D 2d 710, 711). For sure, the allegations of the complaint and the papers submitted sufficiently assert a drastic change in defendant’s retail marketing operations which have substantially reduced the number of independent dealers while increasing the number of company-owned stations in the counties of Nassau and Suffolk. However, there is no .showing of irreparable harm to either the general public (i.e., inconvenience, higher pricing practices, etc.) or to the individual operators whose leases have not been renewed. The locations involved are in the main no longer functioning as independent stations. In the latter instance, the individual operators have actions for treble damages if they be so advised (General Business Law, § 340). At this ‘ ‘ pre-answering ’ ’ stage, this court cannot say unequivocally that the acts alleged in the complaint and affidavits demonstrate, as a matter of law (General Business Law, §§ 329, 340 et seq.), a course of conduct calculated to restrain trade or to eliminate competition (cf. McGrow Elec. Co. v. Lockyer, 267 App. Div. 897, 898) as distinguished from a change in necessary marketing strategy as asserted by the defendant corporation. That question the *569 court is not prepared to determine at this time before issue is joined by the service of an answer (cf. Metz v. People, 73 Misc 2d 219). This application for a preliminary injunction is denied.