STEPHEN KOSOWSKI ET AL., APPELLANTS, v. CITY BETTERMENT CORPORATION, A NEBRASKA CORPORATION, APPELLEE.
249 N. W. 2d 481

Filed January 19, 1977. No. 40718.

Collins & Gleason, for appellants.

Frederick S. Cassman of Abrahams, Kaslow & Cassman, for appellee.

Heard before WHITE, C. J., McCOWN, and CLINTON, JJ., and STUART and RIST, District Judges.

WHITE, C. J.

The plaintiffs instituted this action in the District Court for Douglas County, Nebraska, on behalf of themselves and all those similarly situated who have purchased lottery tickets from the defendant and won nothing. The plaintiffs sought a temporary restraining order to restrain the defendant from disposing of any funds, an accounting, and a refund for all those who purchased lottery tickets and won nothing.

The defendant then moved for a summary judgment, seeking to have the class action portion of the plaintiffs' petition dismissed. The District Court sustained the defendant's motion for summary judgment, finding as a matter of law that the plaintiffs could not properly maintain their action as a class action. The class action portion of the plaintiffs' petition was dismissed by the District Court, but the plaintiffs were allowed to continue the action on their own behalf. The plaintiffs' motion for a new trial was overruled and the plaintiffs appeal. We affirm the judgment of the District Court.

The defendant, City Betterment Corporation, a Nebraska nonprofit corporation, commenced the operation of a lottery in the Omaha metropolitan area under the names of "Big Green" and "Big Gold." From October 2, 1975, until December 31, 1975, some 1,471,834 lottery tickets were sold generating $973,569 in revenue for the defendant. Out of this, $432,741 was paid out to the holders of winning lottery tickets. In January 1976, the District Court for Douglas County, in a separate action, determined that the lottery being conducted by the defendant was illegal and contrary to the statutes of the State of Nebraska. This determination is not yet final, being currently before this court on appeal. State v. City Betterment Corp., No. 40619. The District Court's decision, while finding the lottery illegal, permitted the

payment of reasonable expenses necessarily incurred in connection with the operation of the lottery by the defendant.

On appeal the plaintiffs contend that the District Court erred in allowing the defendant's exhibit 1 admitted into evidence over the plaintiffs' objection and in granting the defendant's motion for summary judgment.

The defendant's exhibit 1 was an affidavit by Michael Hinrichs. This affidavit was submitted in support of the defendant's motion for summary judgment. The plaintiffs contend that this affidavit does not meet the statutory requirements of section 25-1334, R. R. S. 1943, in that it contains hearsay, and that the affiant is not competent to testify to the matters stated therein. We have examined both these contentions and find them to be without merit. Mr. Hinrichs, as the defendant's administrative manager and in charge of the defendant's books and records, was competent to testify about the matters that he did; nor did the affidavit contain hearsay. See § 27-801 (3), R. R. S. 1943. There was no error in admitting this affidavit into evidence over the plaintiffs' objection; nor did the District Court commit error by granting the defendant's motion for summary judgment. The District Court dismissed the class action portion of the plaintiffs' petition but permitted the plaintiffs to proceed on their own behalf.

In Blankenship v. Omaha P. P. Dist., 195 Neb. 170, 237 N. W. 2d 86 (1976), this court held: "* * * the right of a party to sue as representative of a class may be raised by a motion for summary judgment." We further held in that case: "All the court need determine in granting a motion for summary judgment denying the plaintiff the right to proceed in a class action is that the undisputed facts demonstrate the potentiality of conflict of interests between the represented, or some of them, and the interests which plaintiff asserts."

In Evans v. Metropolitan Utilities Dist., 185 Neb. 464, 176 N. W. 2d 679 (1970), we said: "The general rule

is that a plaintiff in a class action must have an interest in the controversy common with those for whom he sues and there must be that unity of interest between them that the action might be brought by them jointly. * * * Persons having an interest adverse to those of parties purported to be represented cannot maintain a representative or class suit on behalf of the latter."

The plaintiffs sought to bring suit on behalf of all those who purchased lottery tickets and won nothing. Included in this class are those who concur in the goals of the defendant and who purchased tickets to aid in the redevelopment of downtown Omaha. Also in this class would be a number of the defendant's employees, agents, and suppliers who would stand to suffer if the plaintiffs' suit were successful in enjoining the defendant from disbursing any of the funds held by it for the payment of reasonable expenses incurred in connection with the lottery, or in recovering a judgment for the return of all funds realized from the sale of the lottery tickets. The potentiality of conflict of interest between the plaintiffs and various members of the class they seek to represent was sufficient reason for the District Court to grant the defendant's motion for summary judgment.

Also supporting the District Court's granting of the defendant's motion is the inherent unmanageability of the plaintiffs' proposed class action. A total of 1,471,834 lottery tickets were sold by the defendant. No records have been maintained as to the identity of purchasers of lottery tickets. Certainly a substantial number of those who purchased lottery tickets and lost have discarded their losing tickets. Should the plaintiffs ultimately be successful and an award be recovered, it would be extremely difficult and impractical, if not impossible, to satisfactorily reach and identify, and distribute the award to, those entitled to share in it.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.