OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the plaintiffs for a preliminary injunction enjoining defendant from deducting State and Federal taxes from plaintiffs’ paychecks in violation of their statutory rights under title 26 (§ 3402, subd [n]) of the United States Code.
Plaintiffs are all employees of defendant corporation and have furnished a withholding exemption certificate to the defendant certifying that each of the employees incurred no liability for income tax imposed for the preceding taxable year and anticipate that he will incur no income tax liability for the current taxable year.
Defendant has honored the withholding exemption certificates in the past by not withholding any taxes upon such wages; however, defendant advised each of the plaintiffs that, commencing September 15, 1981, defendant would withhold taxes on all subsequent wages. (Defendant received written directives from New York State and Federal taxing authorities to withhold an appropriate amount of plaintiffs’ wages for withholding tax purposes.)
*1082 The plaintiffs contend that the threatened act of defendant to withhold on plaintiffs’ wages for taxes is arbitrary and capricious and unlawful and if defendant is not enjoined from withholding and paying out the wages of plaintiffs as taxes, in violation of title 26 (§ 3402, subd [n]) of the United States Code, plaintiffs will be immediately and irreparably injured.
In order for plaintiffs to secure an injunction they must demonstrate a clear and irreparable injury and a clear right to the relief sought or that their cause of action has a likelihood of success (Metz v People, 73 Misc 2d 219).
Defendant is specifically required to withhold a portion of plaintiffs’ wages for withholding tax purposes pursuant to section 3402 of title 26 of the United States Code and sections 675 and 676 of the Tax Law. These statutory provisions provide further that defendant is liable for nonpayment of such taxes. Further, section 675 of the Tax Law provides: “No employee shall have any right of action against his employer in respect to any moneys deducted and withheld from his wages and paid over to the tax commission *** or in intended compliance with this article.”
Plaintiffs clearly do not have a clear right to the relief sought and they cannot show a likelihood of success.
The plaintiffs’ motion for a preliminary injunction is therefore denied.