JOHN E. SARRATT, APPELLANT, v. LINCOLN BENEFIT
LIFE COMPANY, A CORPORATION, APPELLEE.

323 N.W.2d 81

Filed August 13, 1982.  No. 44135.

Patrick L. Cooney and Michael W. Pirtle of Mc-Cormack, Cooney, Mooney & Hillman, P.C., for appellant.

Theodore L. Kessner of Crosby, Guenzel, Davis, Kessner & Kuester, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

This is a class action instituted by the plaintiff on behalf of himself and other similarly situated policyholders against the defendant insurance company for damages and a refund of premiums paid.  The District Court granted the defendant's motion for partial summary judgment denying plaintiff the right to proceed as a representative of the class but

allowing him to proceed with his own individual action. The plaintiff has appealed.

Plaintiff alleges that on November 1, 1974, he purchased a disability insurance policy from the defendant insurance company which provided benefits in the event of the disability of the insured. The premium was $38.08 per month. A return of premium rider provided that if the insured made no claim against the policy for a 10-year period, 80 percent of the premiums paid during the 10-year period would be returned. If, during the 10-year period, the insured received benefits equaling 30 percent or less of the premiums paid during the period, the company would pay 80 percent of the premiums, less the total of all benefits received during the period. The policy form declares in boldface type: "COMPANY RESERVES THE RIGHT TO CHANGE TABLE OF PREMIUM RATES." The insurance policies were sold by licensed agents of the defendant insurance company by individual contacts with individual policyholders and were not sold as a group plan.

In 1978 the insurance company increased the premium rates to $48.08 per month, based upon the actuarial experience of the company at that time. On April 30, 1980, plaintiff was notified that the insurance company would increase premium rates to $81.69 per month, effective June 1, 1980. This increase was also based upon the actuarial experience of the company. The plaintiff paid all premiums through May 1980 and on June 16, 1980, instituted this action attempting to represent as a class all persons who purchased the particular disability insurance policy with return of premium rider.

Plaintiff alleged that in the sale of the insurance policy with return of premium rider the defendant used advertising material which was a sham and a fraud; employed devices, schemes, and artifices to defraud; made untrue statements of material facts; and engaged in acts, practices, and courses of busi-

ness which operated as a fraud and deceit upon the purchasers of the policies. He prayed for damages and 80 percent of all premiums paid by members of the class and such other relief as may be required.

The defendant filed a motion for partial summary judgment on the ground that plaintiff was not entitled to bring the action in any representative capacity for the class described in the petition because there was a potentiality of conflict of interest between the persons represented. The District Court, after hearing on the motion, found that there was a potentiality of conflict of interest within the purported class and dismissed the class action aspect of the case, but found that plaintiff was entitled to proceed with the prosecution of his own individual case. The plaintiff has appealed from the dismissal of the class action.

The maintenance of class action suits is governed by Neb. Rev. Stat. § 25-319 (Reissue 1979), which provides: "When the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

The general rule is that a plaintiff in a class action must have an interest in the controversy common with those for whom he sues and there must be that unity of interest between them so that the action might be brought by them jointly. Persons having an interest adverse to those of parties purported to be represented cannot maintain a representative or class suit on behalf of the latter. *Evans v. Metropolitan Utilities Dist.,* 185 Neb. 464, 176 N.W.2d 679 (1970).

The case of *Blankenship v. Omaha P. P. Dist.,* 195 Neb. 170, 237 N.W.2d 86 (1976), is determinative of the issues in the present case. In that case we held that the right of a party to sue as representative of a class may be determined on motion for summary

judgment. The statutes of this state authorize a partial summary judgment. Whether a partial summary judgment is a final and appealable order depends upon its effect. A party having an interest adverse to the interests of the parties sought to be represented may not sue as representative of a class under the provisions of § 25-319. Potentially conflicting interests within the class are incompatible with the maintenance of a true class action. Where the record demonstrates the potentiality of conflict, either within the class or between the person who seeks to represent the class and the class, it is appropriate to dispose of the class aspect of the case upon motion for summary judgment.

In discussing § 25-319 in *Blankenship,* this court said: ''All the court need determine in granting a motion for summary judgment denying the plaintiff the right to proceed in a class action is that the undisputed facts demonstrate the potentiality of conflict of interests between the represented, or some of them, and the interests which the plaintiff asserts.'' *Id.* at 177, 237 N.W.2d at 90.

In the case at bar it is clear that there are actual conflicts, as well as potential conflicts, between plaintiff's interests as a former policyholder who has terminated his policy and other members of the class he seeks to represent. The plaintiff has no interest in any cause of action or recovery by others and it may well be that other policyholders may desire to continue their coverage. Class action by the plaintiff deprives all other policyholders of their choice of remedies. Those insureds who have had a change of health condition or occupation could suffer from an unavailability of disability income protection, and the claims history of various members of the class obviously differs and their right to qualify for the premium refund or other plan benefits could well be adversely affected by the single result sought in the plaintiff's proposed class action.

Other states have fairly consistently denied a right to maintain class actions in cases involving similar individual insurance policies. See, *Fisher v. Health Insurance Plan of Gr. New York,* 67 Misc. 2d 674, 324 N.Y.S.2d 732 (1971); *Highsmith v. Allstate Ins. Co.,* 17 Ill. App. 3d 615, 308 N.E.2d 204 (1974); *Alessandro v. State Farm Mut. Auto. Ins. Co.,* 259 Pa. Super. Ct. 571, 393 A.2d 973 (1978); *Johnson v. Travelers Insurance Co.,* 89 Nev. 467, 515 P.2d 68 (1973). Due process problems are also obvious in the case at bar.

The action of the District Court was correct and is affirmed.

AFFIRMED.