David T. WILLIAMS, Plaintiff,

v.

KERR GLASS MANUFACTURING CORP., Defendant.

No. CV 85–3001.

United States District Court, E.D. New York.

March 12, 1986.

Joseph Henig, P.C., Bellmore, N.Y., for plaintiff.

Willkie, Farr & Gallagher by Lawrence O. Kamin, New York City, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiff David Williams commenced this lawsuit against his former employer, Kerr Glass Manufacturing Corp. ("Kerr Glass") in New York Supreme Court, Nassau County for breach of contract and fraud in connection with Kerr Glass's failure to provide medical, dental, and life insurance benefits upon plaintiff's early retirement. Defendant removed the case to this Court on the basis of diversity of citizenship, 28 U.S.C. §§ 1332, 1441, and now moves to dismiss, stay, or transfer the case to the Middle District of Pennsylvania. 28 U.S.C. § 1404(a). Plaintiff has cross-moved for a preliminary injunction. Fed.R.Civ.P. 65(a). For the reasons stated below, the request for the preliminary injunction is denied and the case is transferred to the Middle District of Pennsylvania.

## BACKGROUND

David Williams began working for Kerr Glass in 1952. Although Williams would have been entitled to "normal retirement" when he reached age 65, in 1983 Kerr Glass offered Williams an "early retirement." This offer included enhanced medical, dental, and life insurance for Williams and his family. The contents of the early retirement offer were contained in letters to Williams dated July 25, 1983 and December 12, 1983. Williams accepted Kerr Glass's offer and retired on October 1, 1983.

On December 19, 1984 Kerr Glass advised Williams that his retirement benefits were being reduced and that he would have to pay for benefits that had been provided previously without charge. On July 24, 1985 Williams commenced this action against Kerr Glass. In the Complaint Williams sought declaratory relief, reinstatement of all benefits under the agreement, an injunction preventing any modification of the agreement, or, in the alternative, reinstatement to his former position with Kerr Glass.

As adduced from the parties' moving papers, Kerr Glass may have reduced or rescinded the retirement benefits of a number of its former employees because there are at least two other pending lawsuits by former Kerr Glass employees against Kerr Glass concerning retirement benefits. In June 1985, thirteen retired employees commenced a class action against Kerr Glass on behalf of themselves and all other Kerr Glass employees who retired before January 1, 1985, received a written description of retirement benefits from Kerr Glass, and were entitled to receive retirement benefits from Kerr Glass. *Langsett v. Kerr Glass Manufacturing Company*, CV 85–0889 (M.D.Pa. filed June 28, 1985). In this action the class plaintiffs alleged that Kerr Glass reduced their retirement benefits unilaterally in December 1984 and required the retirees to make a monetary contribution toward health insurance. The *Langsett* Complaint alleged that Kerr Glass's acts were a breach of contract and a viola-

tion of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). The *Langsett* class plaintiffs, as well as potential class members, include both "normal" and "early" retirees. A pretrial conference was held in the *Langsett* case and it appears that the Judge has set March 18, 1986 as the discovery deadline.

A second class action was commenced on August 28, 1985 in the United States District Court for the Central District of Illinois on behalf of all Kerr Glass retirees "entitled to benefits by and through individual retiree contracts." *Russell v. Kerr Glass Company,* CV 85–1309 (C.D.Ill. filed Aug. 28, 1985). In this action the Complaint alleged that Kerr Glass unilaterally changed the retirement plans of approximately 800 "early" and "normal" retirees, causing class plaintiff retirees a loss of retirement benefits such as dental, health, and medical insurance. The *Russell* class plaintiffs have recently stipulated to transfer their case to the Middle District of Pennsylvania.

## A. PRELIMINARY INJUNCTION

In this Circuit, a plaintiff may obtain a preliminary injunction only upon a showing of (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief. *Jackson Dairy Inc. v. J.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979) (per curiam); *Sonesta International Hotels Corp. v. Wellington Associates,* 483 F.2d 247, 250 (2d Cir.1973). "Irreparable injury means injury for which a monetary award cannot be adequate compensation." *Jackson Dairy,* 596 F.2d at 72. "[W]here money damages is adequate compensation a preliminary injunction will not issue." *Id.*

 In the instant case, money damages will be an adequate remedy and therefore the request for a preliminary injunction must be denied. Plaintiff alleges that the monetary value of his present benefits is less than what he was offered. That may be true, but it does not mean damages are inadequate. If plaintiff succeeds on the merits then any damages due plaintiff would be the difference between the value of the offered benefits and the present benefits.

Plaintiff nevertheless argues that even if money damages are adequate, withdrawal of medical and life benefits would still cause irreparable harm. Even assuming this is correct, plaintiff has not shown that Kerr Glass's action created an "actual and imminent" peril. *New York v. Nuclear Regulatory Commission,* 550 F.2d 745, 755 (2d Cir.1977); *see Fisher v. Health Insurance Plan of New York,* 67 Misc.2d 674, 324 N.Y.S.2d 732 (Sup.Ct.Kings Cty. 1971).

Accordingly, plaintiff's motion for a preliminary injunction is denied.

## B. DISMISS, STAY OR TRANSFER

Defendants have cross-moved to dismiss or stay the case or, in the alternative, to transfer the case to the Middle District of Pennsylvania. 28 U.S.C. § 1404(a) states that:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

 The pendency of the *Langsett* and *Russell* class actions indicate that this suit could have been brought in the Middle District of Pennsylvania. The inquiry therefore turns to whether transfer would serve the convenience of parties and witnesses or be in the interest of justice, and this Court looks to several factors in making a determination: (1) convenience of the parties; (2) convenience of material witnesses; (3) relative ease of access to sources of proof; (4) availability of process to compel the presence of unwilling witnesses; (5) cost of obtaining willing witnesses; (6) practical problems indicating where the case can be tried more expeditiously and inexpensively; and (7) the interest of justice in general.

*Schneider v. Sears,* 265 F.Supp. 257, 263 (S.D.N.Y.1967); *see also Kreisner v. Hilton Hotels Corp.,* 468 F.Supp. 176, 177 (E.D.N.Y.1979); *Scheinbart v. Certain-Teed Products Corp.,* 367 F.Supp. 707 (S.D.N.Y.1973). The movants bear the burden of making a clear showing that the transferee district is more convenient and that interests of justice would be served by transfer. *Scheinbart,* 367 F.Supp. at 709 n. 8. The district court's decision is accorded great deference, *A. Olinick & Sons v. Dempster Brothers, Inc.,* 365 F.2d 439 (2d Cir.1966), and the trial court has broader discretion in the application of a § 1404(a) transfer motion than under the doctrine of forum non conveniens. *Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). Although the Court respects plaintiff's choice of forum, when the litigation has little material connection with the forum, *Foster v. Litton Industries, Inc.,* 431 F.Supp. 86 (S.D.N.Y.1977), and plaintiff's case may be part of a class action, *Berg v. First American Bankshares, Inc.,* 576 F.Supp. 1239 (S.D.N.Y.1983); *Abramson v. INA Capital Management Corp.,* 459 F.Supp. 917, 922 (E.D.N.Y.1978), that choice is not entitled to the weight it is normally accorded. Furthermore, transfer may be more appropriate when there is a prior pending lawsuit in the transferee district involving the same facts, transactions, or occurrences. *Berg,* 576 F.Supp. at 1243; *Durham Productions v. Sterling Film Portfolio,* 537 F.Supp. 1241 (S.D.N.Y.1982); *Blanning v. Tisch,* 378 F.Supp. 1058 (E.D. Pa.1974). The policies favoring transfer of a lawsuit to a district where a related case is pending are the more efficient conduct of discovery, saving witnesses' time and money in trial and pre-trial proceedings, and avoiding duplicative litigation and inconsistent results. *Schneider v. Sears,* 265 F.Supp. 257, 267 (S.D.N.Y.1967).

■ Applying these principles the Court concludes that this case should be transferred to the Middle District of Pennsylvania. Initially, this Court notes that this case is closely related to both the *Langsett* and *Russell* class actions. The Court also notes that plaintiff Williams may well fall within the class of plaintiffs described in both of those suits. All three lawsuits involve similar issues of fact and law. Assuming that Williams is within either or both classes and chose not to opt out, then Williams would be bound by any judgment or included in any settlement. Fed.R. Civ.P. 23(c)(2); *Hansberry v. Lee,* 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940). If Williams joins either the *Langsett* or *Russell* class actions, or both, then this Court can see no reason for the independent existence of this lawsuit.

■ Plaintiff argues that he will be severely inconvenienced if he is forced to prosecute his lawsuit in the Middle District of Pennsylvania. Williams may limit any inconvenience by joining either of the two class actions now pending in that district. Assuming, however, that Williams decides to "opt-out" of the class actions and prosecute his suit separately, then he would have to travel to that district to do so, but the Court concludes that this will not impose any great burden on Williams. Williams has not demonstrated any great hardship such as inability to travel, expense, time lost from work, or medical disability, that would adversely affect his ability to litigate this case in Pennsylvania. The distance between this district and the Middle District of Pennsylvania is not great, less than one hundred and sixty miles, and this Court takes judicial notice of this comparatively short distance as well as the numerous means of transportation between the two districts. *See Blanning v. Tisch,* 378 F.Supp. 1058, 1060 (E.D.N.Y.1974) (New York-Philadelphia); *cf. Zorn v. Anderson,* 263 F.Supp. 745 (S.D.N.Y.1966) (distance between New York and Boston insufficient to warrant transfer merely to accommodate Boston defendants). In addition the use of telephone conference calls for routine pre-trial and discovery matters can lessen any burden on plaintiff by eliminating the requirement of a physical appearance in Pennsylvania. *See* Local Discovery Rules 6, 8 (use of telephone conference calls encouraged to resolve discovery disputes and conduct depositions).

■ The Court also concludes that transfer to the Middle District of Pennsyl-

vania imposes no greater burden on Kerr Glass because defendant is already litigating two class actions there. Transfer would minimize costs of discovery to all parties in terms of the numbers of depositions, interrogatories, and documents produced because all of this discovery has or will shortly be concluded in the *Langsett* action. Furthermore, the convenience of witnesses weighs in favor of transfer to Pennsylvania. Plaintiff has been unable to show that there are any witnesses located in New York who would be compelled to travel to Pennsylvania to testify. Assuming that there are such New York witnesses, plaintiff has not demonstrated these witnesses would not be called to testify in either of the Pennsylvania lawsuits. Because of the similarity of all three cases, the Court concludes that any such New York witnesses probably would be compelled to testify in Pennsylvania. Pennsylvania witnesses would be relieved of a trip to New York, and any other witnesses, who would probably testify in Pennsylvania, would be saved an additional trip to New York.

Accordingly, plaintiff's motion for a preliminary injunction is denied. Defendant's motion to transfer the case to the Middle District of Pennsylvania is granted. The Clerk of the Court is directed to close the file and proceed accordingly.

SO ORDERED.